NOT DESIGNATED FOR PUBLICATION

No. 115,490

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CECIL STANLEY ROSE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed January 27, 2017. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Kendall Kaut*, temporary assistant district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*:  In May 2015, Cecil Stanley Rose pled guilty to aggravated sexual battery, a severity level 5 person felony in violation of K.S.A. 2015 Supp. 21-5505(b), for his criminal conduct in January 2015. Rose had one prior conviction for misdemeanor sexual battery from 2000. In October 2015, the district court sentenced Rose to the standard jail term of 32 months, with credit for time served, and also sentenced him to lifetime postrelease supervision. Rose filed this timely appeal as to his term of postrelease supervision.

1

FACTUAL AND PROCEDURAL BACKGROUND

In May 2015, Rose pled guilty to aggravated sexual battery, a severity level 5 person felony in violation of K.S.A. 2015 Supp. 21-5505(b), for touching and holding the penis of an incapacitated, bed-ridden man in a nursing home who was unable to speak or care for himself. At the time of the crime in January 2015, Rose was 65 years old. Rose had one prior conviction for misdemeanor sexual battery from 2000 and was assigned a criminal history score of I. In October 2015, the district court sentenced Rose to the standard jail term of 32 months, with credit for time served, and also sentenced him to lifetime postrelease supervision. Rose filed this timely appeal as to his term of postrelease supervision.

THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN SENTENCING ROSE TO LIFETIME POSTRELEASE SUPERVISION FOLLOWING HIS GUILTY PLEA TO AGGRAVATED SEXUAL BATTERY

Rose argues that his sentence of lifetime postrelease supervision is illegal because the district court abused its discretion, making a mistake of law based on statutory interpretation, and that the rule of lenity requires that his postrelease supervision period should be only 24 months.

*Jurisdiction*

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). A court may correct an illegal sentence at any time. K.S.A. 22-3504(1). An illegal sentence, as contemplated by K.S.A. 22-3504(1), is (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be

2

served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). Rose argues that his sentence of lifetime postrelease supervision does not conform to the relevant statutory provision, either in character or term of authorized punishment, and is thus illegal.

A district court's imposition of a criminal sentence is reviewed for an abuse of discretion. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). In this case, Rose argues that the district court abused its discretion based on an error of law in its interpretation of statute, *i.e.*, that the claimed conflicting sections of K.S.A. 2015 Supp. 22-3717(d)(1)(B), (d)(1)(D), and (d)(1)(G) should have been resolved according to the rule of lenity, making Rose's term of postrelease supervision 24 months rather than for the duration of his life. The party asserting the trial court abused its discretion bears the burden of showing that abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012). As discussed below, Rose has not met his burden.

*K.S.A. 2015 Supp. 22-3717(d)(1)(D) and (d)(1)(G) are not in conflict*

The basis for Rose's appeal is his belief that, since the 2013 legislative amendments to subsection (d)(1), the statutory provisions of K.S.A. 2015 Supp. 22-3717(d)(1)(B), (d)(1)(D), and (d)(1)(G) are in conflict with each other, rendering the statute ambiguous. The district court would then have the discretion to consider the rule of lenity and impose a term of postrelease supervision of 24 months, rather than for his lifetime. That the district court chose not to impose the lesser term, Rose claims, means that the court abused its discretion and violated the rule of lenity.

K.S.A. 2015 Supp. 22-3717(d), which incorporates the 2013 amendments relied on by Rose in his argument, states, in relevant part:

3

"(d)(1) *Persons sentenced for crimes*, other than off-grid crimes, *committed on or after July 1, 1993*, *or persons subject to subparagraph (G)*, will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence as follows:

"(A) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 1 through 4 crimes, drug severity levels 1 and 2 crimes committed on or after July 1, 1993, but prior to July 1, 2012, and drug severity levels 1, 2 and 3 crimes committed on or after July 1, 2012, must serve 36 months on postrelease supervision.

"(B) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug *severity levels 5* and 6 crimes, drug severity level 3 crimes committed on or after July 1, 1993, but prior to July 1, 2012, and drug severity level 4 crimes committed on or after July 1, 2012, must serve 24 months on postrelease supervision.

"(C) Except as provided in subparagraphs (D) and (E), persons sentenced for nondrug severity levels 7 through 10 crimes, drug severity level 4 crimes committed on or after July 1, 1993, but prior to July 1, 2012, and drug severity level 5 crimes committed on or after July 1, 2012, must serve 12 months on postrelease supervision.

"(D) Persons sentenced to a term of imprisonment that includes a sentence for a *sexually violent crime* as defined in K.S.A. 22-3717, and amendments thereto, a sexually motivated crime in which the offender has been ordered to register pursuant to subsection (d)(1)(D)(vii) of K.S.A. 22-3717, and amendments thereto, electronic solicitation, K.S.A. 21-3523, prior to its repeal, or K.S.A. 2015 Supp. 21-5509, and amendments thereto, or unlawful sexual relations, K.S.A. 21-3520, prior to its repeal, or K.S.A. 2015 Supp. 21-5512, and amendments thereto, shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)(C) plus the amount of good time and program credit earned and retained pursuant to K.S.A. 21-4722, prior to its repeal, or K.S.A. 2015 Supp. 21-6821, and amendments thereto, on postrelease supervision.

. . . .

"(G) Except as provided in subsection (u), persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." (Emphasis added.)

4

According to Rose, the ambiguity lies within (d)(1)(B)'s severity level 5's term of postrelease supervision of 24 months and (d)(1)(G)'s lifetime postrelease supervision mandate.

Interpretation of a sentencing statute is a question of law subject to de novo review. *State v. Nguyen*, 304 Kan. 420, 422, 372 P.3d 1142 (2016); *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

As a general rule, a criminal statute should be strictly construed in favor of the accused, but this general rule is subordinate to the rule that judicial interpretation must be reasonable and sensible. *Barlow*, 303 Kan. at 813. Where a criminal statute is silent or ambiguous on a matter, the rule of lenity applies and the court is required to construe the statute in favor of the accused. *Jordan*, 303 Kan. at 1019. Again, Rose argues that the alleged conflict between K.S.A. 2015 Supp. 22-3717(d)(1)(B), (d)(1)(D), and (d)(1)(G) creates ambiguity and thus, the district court should have applied the rule of lenity and construed the statute in his favor. However, when construing a statute to determine legislative intent, appellate courts must consider various provisions of the statute in pari materia in order to reconcile and bring provisions into workable harmony if possible. *State v. Keel*, 302 Kan. 560, Syl. ¶ 7, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016); see *State v. Swazey*, 51 Kan. App. 2d 999, 1003, 357 P.3d 893 (2015) (explaining that courts must determine if there is any way to construe seemingly conflicting provisions in a way that renders them compatible rather than contradictory).

Rose's appeal parallels those arguments of the appellant in *State v. Hermann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), *petition for rev. filed* December 19, 2016. In that case, Herrmann also claimed that the 2013 legislative amendments to K.S.A. 22-3717(d)(1)(D) rendered the entire (d)(1) subsection ambiguous because subparagraphs (D) and (G) directly conflict with each other and that, based on this conflict, the rule of lenity should have been applied. It was argued that the lesser of the two postrelease supervision terms in subparagraph (D) should have been imposed.

A plain reading of the statute demonstrates that subparagraph (D), which provides for a postrelease supervision term of months, depending on the severity level of the crime, applies only to those sexually violent crimes committed after July 1, 1993, but before July 1, 2006. Subparagraph (G) requires lifetime postrelease supervision for any conviction of a sexually violent crime on or after July 1, 2006. K.S.A. 2015 Supp. 22-3717(d)(1)(D), (G). Subsection (d)(1) expressly states that the mandatory postrelease supervision terms provided in subparagraphs (A) through (D), do not apply to those persons subject to subparagraph (G). K.S.A. 2015 Supp. 22-3717(d)(1). Thus, as the *Herrmann* court found, there are no persons convicted of a sexually violent crime to whom both subparagraph (D) and subparagraph (G) apply. See *Herrmann*, 53 Kan. App. 2d 117, Syl. ¶¶ 3-6.

Rose's conviction of aggravated sexual battery is a sexually violent crime as defined by K.S.A. 2015 Supp. 22-3717(d)(5)(I). His crime was committed in January 2015, which is after July 1, 2006. Consequently, subparagraph (G) applies to him and subparagraph (D) does not. Based on a plain reading of subsection (d)(1), there is no conflict between subparagraphs and thus no ambiguity. As there is no ambiguity, the trial court did not have discretion to consider the rule of lenity and impose the 24-month postrelease supervision term under subparagraph (D). The trial court did not abuse its discretion in sentencing Rose to lifetime postrelease supervision as mandated in subparagraph (G); and, therefore, the sentence is not illegal.

6

Affirmed.