No. 116,803

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON L. FOWLER,
*Appellant.*


SYLLABUS BY THE COURT


1.

The revised Kansas Sentencing Guidelines Act provides that criminal sentences for felony convictions are essentially based on two controlling factors: the criminal history of the defendant and the severity level of the crime committed. In general, severity levels for felony offenses are ranked 1 through 10, with 1 being the most severe felony, although there are offgrid felonies that are reserved for the most serious offenses. Drug felonies have their own sentencing grid and have severity levels of 1 to 5, with a severity level 1 drug felony being the most serious.


2.

A defendant's criminal history score is calculated by tabulating the offender's prior convictions, with category A being the highest and I being the lowest. Prior convictions or adjudications are classified as either misdemeanors or felonies, person or nonperson, with some exceptions. Person felonies have a greater impact on a defendant's criminal history score. The more extensive the defendant's criminal history and/or the greater the severity level of the crime, the lengthier the guideline sentence. With some exceptions, all prior convictions are to be tabulated and scored, and every three adult prior class A and

class B person misdemeanors are to be rated as one person felony for criminal history purposes.

3.

An important exception to the rule that all prior convictions are to be scored is the rule that prohibits the counting of any prior conviction used to enhance the severity level, elevate the classification, or which serves as an element of the present crime of conviction.

4.

When a defendant has multiple convictions, the sentencing judge is to determine the base sentence for the primary crime. The primary crime is defined as the crime with the highest severity level, but an offgrid crime cannot be designated as the primary crime. The base sentence is calculated by applying a defendant's total criminal history score to the primary crime. Nonbase sentences, which are sentences imposed for convictions of crimes other than the primary crime, are to be calculated without applying a criminal history score.

5.

When a defendant is being sentenced for multiple felony convictions, the term "present crime of conviction" as contained in K.S.A. 2015 Supp. 21-6810(d)(9) refers only to the primary crime referred to in K.S.A. 2015 Supp. 21-6819(b)(2).

6.

The crime of domestic battery has its own sentencing scheme outside of the revised Kansas Sentencing Guidelines Act. Domestic battery may be classified as a class B person misdemeanor, a class A person misdemeanor, or a person felony depending on the number of prior domestic battery convictions. A domestic battery is classified as a

2

person felony if, within five years immediately preceding commission of the crime, the defendant is convicted of domestic battery a third or subsequent time.

7.

The crime of felony domestic battery is a nongrid felony. The sentencing grid is inapplicable to this crime because the crime has its own sentencing scheme and has no severity level designation. In light of this, felony domestic battery cannot be designated as the primary crime for the purpose of applying a criminal history score to calculate a defendant's sentence.

8.

In the present case, the district court properly designated the defendant's conviction for possession of methamphetamine as the primary crime of conviction for the purpose of calculating the defendant's base sentence. Moreover, the defendant's criminal history score of B was correctly used because the defendant's two prior domestic battery convictions were not used to elevate the classification of the primary crime.

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed November 22, 2017. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., MALONE, J., and LORI A. BOLTON FLEMING, District Judge, assigned.

POWELL, J.: As part of a plea agreement with the State, Brandon L. Fowler pled guilty to felony domestic battery, felony possession of methamphetamine, and

misdemeanor violation of a protective order. Fowler now appeals his sentences, arguing for the first time that the sentencing court imposed an illegal sentence by "double counting" two of his prior person misdemeanor convictions to enhance his domestic battery conviction from a misdemeanor to a felony *and* to elevate his criminal history score. For reasons we more fully explain below, we disagree that Fowler's two prior misdemeanor domestic battery convictions were "double counted" and, therefore, affirm his convictions and sentences.

FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2016, Fowler was charged with two felonies, domestic battery and possession of methamphetamine. The domestic battery offense was charged as a felony because Fowler had been convicted of domestic battery twice within the past five years. On July 28, 2016, the State amended its complaint and also charged Fowler with one count of violation of a protective order, a misdemeanor.

Fowler and the State entered into a plea agreement. In exchange for Fowler's guilty plea to all three counts, the State agreed to recommend that Fowler be sentenced to: (1) the standard grid sentence for the primary crime of possession of methamphetamine and that the sentencing court follow the presumption—which the State believed to be probation with drug treatment; (2) 12 months in the county jail and a $1,000 fine for domestic battery, with Fowler serving the mandatory 90 days in jail with work release authorized after 48 hours before being placed on probation; (3) 12 months in the county jail for violation of a protective order; and (4) concurrent sentences for all counts and with the sentences to run consecutive to any prior cases. Fowler also was to be allowed to argue for any lawful sentence. The district court accepted Fowler's plea.

In the plea agreement, the State noted that it anticipated Fowler's criminal history score would be E. However, his presentence investigation (PSI) report listed six prior

4

person misdemeanors which, when aggregated, were scored as two person felonies for the purpose of calculating Fowler's criminal history score. As a result, Fowler's criminal history score was actually calculated as B. This score had the effect of altering the anticipated presumption for the primary crime of possession of methamphetamine from presumptive probation to presumptive prison.

Prior to sentencing, Fowler filed a motion for a dispositional departure and an objection to his criminal history. In his departure motion, Fowler argued he had a drug problem that would be better treated by Community Corrections rather than the Kansas Department of Corrections. Fowler also asserted that the State was not opposed to a dispositional departure to probation. In his objection to his criminal history, Fowler argued his criminal history score should have been C.

Fowler's sentencing hearing was held on September 22, 2016. At the beginning of the hearing, Fowler's counsel withdrew the objection to Fowler's criminal history, acknowledging that she had misread his PSI report. Upon direct questioning by the district court, Fowler personally agreed that his criminal history was correct. The State joined Fowler in moving for a dispositional departure to probation, explaining that Fowler's plea agreement was based on the belief that he had a criminal history score of E. Because that belief was mistaken, the State joined in Fowler's request for a "disposition[al] departure to probation to follow the spirit of the plea agreement, as th[e] error was information known to the State, or should have been known to the State at the time of plea negotiations."

The district court denied Fowler's motion for a dispositional departure and sentenced Fowler to 34 months' imprisonment for the primary crime of felony possession of methamphetamine. The 34-month term reflected the mid-level presumptive prison sentence of K.S.A. 2015 Supp. 21-6805(a), the drug offenses sentencing grid. The district court also sentenced Fowler to 12 months in the county jail each for the felony domestic

5

battery conviction and misdemeanor violation of a protective order; ordered Fowler to pay the minimum $1,000 fine for the domestic battery conviction as required by K.S.A. 2015 Supp. 21-5414(b)(3); and ordered all the sentences to run concurrently.

Fowler timely appeals.

### WERE FOWLER'S PRIOR DOMESTIC BATTERY CONVICTIONS IMPROPERLY INCLUDED IN HIS CRIMINAL HISTORY SCORE?

For the first time on appeal, Fowler argues the district court imposed an illegal sentence when it used two of his prior person misdemeanor convictions both to elevate his domestic battery conviction from a misdemeanor to a felony *and* to increase his criminal history score from C to B. Fowler is permitted to raise a challenge to his criminal history score without having raised it before the district court because challenges to an illegal sentence may be raised at any time. See *State v. Dickey*, 301 Kan. 1018, 1027, 350 P.3d 1054 (2015).

Specifically, Fowler argues that K.S.A. 2015 Supp. 21-6810(d)(9), which is part of the revised Kansas Sentencing Guidelines Act (KSGA), prohibits the district court from counting prior convictions both to elevate the current crime of conviction from a misdemeanor to a felony and to increase his overall criminal history score. K.S.A. 2015 Supp. 21-6810(d)(9) reads:

> "Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored."

As resolving this question necessarily involves statutory interpretation, our review is unlimited. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015); see also *State*

6

*v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016) (whether sentence is illegal is question of law subject to unlimited review). "'The most fundamental rule of statutory construction is that the intent of the legislature governs'" so long as that intent can be found. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016) (quoting *State v. Reese*, 300 Kan. 650, 653, 333 P.3d 149 [2014]). We must first attempt to ascertain the Legislature's intent by looking to the statutory language, giving common words their ordinary meanings; when a statute is plain and unambiguous, we may not speculate about the Legislature's intent behind the clear language. See *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

Our analysis begins with the KSGA. The KSGA provides that criminal sentences for felony convictions are essentially based on two controlling factors: the criminal history of the defendant and the severity level of the crime committed. See K.S.A. 2015 Supp. 21-6804(c); *State v. Vandervort*, 276 Kan. 164, 178, 72 P.3d 925 (2003), *overruled in part on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). In general, severity levels for nondrug felony offenses are ranked 1 through 10, with 1 being the most severe felony, although there are offgrid felonies which are reserved for the most serious offenses. K.S.A. 2015 Supp. 21-6804(a); K.S.A. 2015 Supp. 21-6806(c), (d). Drug felonies have their own sentencing grid and have severity levels of 1 to 5, again with severity level 1 being the most serious. K.S.A. 2015 Supp. 21-6805(a).

A defendant's criminal history score is calculated by tabulating the offender's prior convictions, with category A being the highest and I being the lowest. See K.S.A. 2015 Supp. 21-6803(d); K.S.A. 2015 Supp. 21-6804(a); K.S.A. 2015 Supp. 21-6809. Prior convictions or adjudications are classified as misdemeanors or felonies, person or nonperson, with some exceptions. See K.S.A. 2015 Supp. 21-6810; K.S.A. 2015 Supp. 21-6811. Person felonies have a greater impact on a defendant's criminal history score. See K.S.A. 2015 Supp. 21-6809. The more extensive the defendant's criminal history and/or the greater the severity level of the crime, the lengthier the guideline sentence. See

7

K.S.A. 2015 Supp. 21-6804(a). With some exceptions, all prior convictions are to be tabulated and scored. K.S.A. 2015 Supp. 21-6810(d)(9). Moreover, every three adult prior class A and class B person misdemeanors are to be aggregated as one person felony for criminal history purposes. K.S.A. 2015 Supp. 21-6811(a). An important exception to the rule that all prior convictions are to be scored is the one cited by Fowler, which prohibits the counting of any prior conviction used to enhance the severity level, elevate the classification, or which serves as an element of the present crime of conviction. See K.S.A. 21-6810(d)(9). As we will explain later, the term "present crime of conviction" is significant in our analysis.

There are also special sentencing rules when a defendant has multiple convictions, as is the case with Fowler. In such situations, the sentencing judge determines the base sentence for the primary crime. The primary crime is defined as the crime with the highest severity level, but an offgrid crime cannot be designated as the primary crime. K.S.A. 2015 Supp. 21-6819(b)(2). The base sentence is then calculated by applying a defendant's total criminal history score to the primary crime. K.S.A. 2015 Supp. 21-6819(b)(3). Nonbase sentences—sentences imposed for convictions which are not the primary crime—are to be calculated without applying a criminal history score. K.S.A. 2015 Supp. 21-6819(b)(5). When imposing the total sentence in a multiple convictions case that includes both the base sentence and any nonbase sentences, generally speaking, the sentencing court has the discretion to impose concurrent or consecutive sentences. K.S.A. 2015 Supp. 21-6819(b).

Some crimes have their own sentencing scheme outside of the KSGA. See K.S.A. 2015 Supp. 21-6804(i)(1). One such crime is domestic battery, which may be classified as a class B person misdemeanor, a class A person misdemeanor, or a person felony depending on the number of prior domestic battery convictions. K.S.A. 2015 Supp. 21-5414(a), (b). Domestic battery is classified as a person felony "if, within five years immediately preceding commission of the crime, an offender is convicted of domestic

8

battery a third or subsequent time[.]" K.S.A. 2015 Supp. 21-5414(b)(3). Unlike sentences for crimes that fall under the KSGA, domestic battery sentences are not served in a state prison. K.S.A. 2015 Supp. 21-6804(i)(3).

Here, Fowler committed his domestic battery on April 10, 2016, and had two previous convictions for domestic battery—one on March 28, 2012, and one on December 23, 2013—both within five years of his current domestic battery conviction. Accordingly, Fowler was properly charged with felony domestic battery—a point that he concedes.

But Fowler argues that *because* those prior convictions were used to elevate his charge of domestic battery from a misdemeanor to a felony, the district court erred by including those two prior convictions in his criminal history because they were then aggregated with a third person misdemeanor to elevate Fowler's criminal history score. See K.S.A. 2015 Supp. 21-6811(a).

The State counters that Fowler's sentence is legal because K.S.A. 2015 Supp. 21-6810 is designed to provide a sentencing protocol for offenses governed by the KSGA and that Fowler's domestic violence conviction is not subject to the limitations of K.S.A. 2015 Supp. 21-6810(d)(9) because it is a self-contained provision that falls outside the scope of the KSGA. The State also maintains that K.S.A. 2015 Supp. 21-6804(i)(1), which contains the sentencing grid for nondrug crimes, supports its position:

> "The sentence for the violation of the felony provision of . . . K.S.A. 2015 Supp. 21-5414(b)(3), . . . and amendments thereto, shall be as provided by the specific mandatory sentencing requirements of that section and shall not be subject to the provisions of this section or K.S.A. 2015 Supp. 21-6807, and amendments thereto."

9

The State goes on to liken Fowler's domestic battery conviction to that of a conviction for driving under the influence (DUI). In *State v. Reese*, 300 Kan. 650, 654, 333 P.3d 149 (2014), our Supreme Court held:

"Kansas' DUI law is a self-contained criminal statute, which means that all essential components of the crime, including the elements, severity levels, and applicable sentences, are included within the statute. Given that the DUI statute provides its own sentencing provisions, cases relating to the proper application of the . . . [KSGA] are of minimal precedential value."

The State takes the holdings from *Reese* and applies them to Fowler's case, arguing that because domestic violence was, and continues to be, listed under K.S.A. 2015 Supp. 21-6804(i)(1), it necessarily follows that it too would be exempt from application of the KSGA.

The State also contends that K.S.A. 2015 Supp. 21-6810(d)(9) only prohibits the use of a prior conviction in calculating a defendant's criminal history score when such a conviction is used to enhance the severity level, to elevate the classification, or as an element of the *same present* crime of conviction. Specifically, the State asserts that because Fowler's primary crime of conviction was possession of methamphetamine and because the prior convictions for misdemeanor domestic battery were only used to elevate his current conviction for domestic battery, the prior convictions could properly be used to elevate Fowler's criminal history score. We agree with the State's second argument.

Although not relied upon by the State, its arguments mirror those before our Supreme Court in *State v. Vontress*, 266 Kan. 248, 970 P.2d 42 (1998). In *Vontress*, the defendant was convicted of first-degree murder, aggravated robbery, aggravated battery, and criminal possession of a firearm. On appeal, the defendant argued that the district court erred by including in his criminal history a prior conviction that was also used as an

element of his criminal possession of a firearm conviction. At the time, a conviction for criminal possession of a firearm required proof of a prior felony conviction within the past five years. The defendant argued that his 1993 person felony conviction was improperly included in his criminal history, thus improperly elevating his criminal history score, because it was also used as an element in his criminal possession of a firearm conviction.

Our Supreme Court rejected this argument. Applying K.S.A. 21-4710 and K.S.A. 21-4720 (which mirror the present statutes of K.S.A. 2015 Supp. 21-6810 and K.S.A. 2015 Supp. 21-6819, respectively), the *Vontress* court held: "The exclusion in K.S.A. 21-4710(d)(11) [now K.S.A. 2015 Supp. 21-6810(d)(9)] does not pertain to any conviction where the prior felony does not provide an element of the offense or in some manner affect the penalty applicable to the conviction of the crime." 266 Kan. at 260. The *Vontress* court explained that then, as today, in cases with multiple felony convictions, the sentencing court is required to identify the defendant's primary crime—the crime with the highest severity level—and to couple that conviction with the defendant's criminal history score, which is calculated by tabulating and scoring the defendant's prior convictions, to establish the defendant's base sentence. 266 Kan. at 260. Because first-degree murder was, like now, an offgrid crime that cannot be used as the primary crime, the defendant's aggravated robbery conviction became his primary crime for the purpose of applying his criminal history score. See K.S.A. 2015 Supp. 21-6819(b)(2) (offgrid crime shall not be used as primary crime). The *Vontress* court held that the defendant's criminal possession of a firearm conviction, the conviction which required the use of a prior person felony conviction as an element, was not the defendant's primary crime; it was a nonbase crime, and the defendant's criminal history score was not to be applied to that conviction. This meant that a criminal history score of I (the lowest possible criminal history score and the same as having no criminal history) was used to calculate the sentence for that crime. As a result, the court explained that the defendant's prior person felony conviction was only used an element of the crime of felony possession of a

11

firearm "and not used to establish the penalty for the firearm conviction." 266 Kan. at 260.

Significantly, *Vontress* was reaffirmed by our Supreme Court in *State v. Davis*, 275 Kan. 107, 124-25, 61 P.3d 701 (2003). In that case, the defendant was convicted of multiple felonies, which included the defendant's primary crime of aggravated kidnapping and a nonbase crime of criminal possession of a firearm. The *Davis* court held that under the predecessor statutes to K.S.A. 2015 Supp. 21-6810 and K.S.A. 2015 Supp. 21-6819, the defendant's criminal history score of A was only applied to his primary crime and that his nonbase sentence for the crime of "criminal possession of a firearm [was] calculated without a criminal history score." 275 Kan. at 125. Moreover, the court noted that the defendant's prior felony offense—used as an element of his criminal possession of a firearm conviction—could be included in the defendant's criminal history because it was not an element of his primary crime of aggravated kidnapping. 275 Kan. at 125; see *State v. Loggins*, No. 90,171, 2004 WL 1086970, at *5 (Kan. App. 2004) (unpublished opinion) (prior crime used as element of criminal possession of firearm conviction properly included in criminal history as not an element of primary crime); see also *State v. Berkstresser*, No. 94,131, 2007 WL 518832, at *6 (Kan. App. 2007) (unpublished opinion) (describing holdings in *Vontress* and *Davis* as providing that prior conviction used as element of nonbase offense may be included in criminal history score for primary crime). The upshot of these holdings is that where a defendant is being sentenced for multiple felony convictions, the term "present crime of conviction" as contained in K.S.A. 2015 Supp. 21-6810(d)(9) refers only to the primary crime referred to in K.S.A. 2015 Supp. 21-6819(b)(2). This reasoning is applicable to Fowler's domestic battery conviction.

Our Supreme Court has described felony domestic battery as a nongrid felony. *Collins*, 303 Kan. at 475. This makes sense as the sentencing grid is inapplicable to domestic battery because that crime has its own sentencing scheme and has no severity

12

level designation. See K.S.A. 2015 Supp. 21-5414(b); K.S.A. 2015 Supp. 21-6804(i)(1). In light of this, domestic battery cannot be designated as the primary crime for the purpose of applying a criminal history score to calculate a defendant's sentence. See K.S.A. 2015 Supp. 21-6819(b)(2). In Fowler's case, his conviction for possession of methamphetamine, as the highest severity level crime of conviction, was properly designated by the district court as his primary crime for the purpose of applying Fowler's criminal history score to calculate his base sentence. Moreover, his criminal history score of B was correctly used because Fowler's two prior domestic battery convictions were not used to elevate the classification of his primary crime of conviction—possession of methamphetamine.

Additionally, applying the reasoning used in *Vontress*, strictly speaking, Fowler's two prior domestic battery convictions were only used to elevate the classification of his domestic battery conviction from a misdemeanor to a felony. They were not "double counted" as they did not otherwise affect his sentence for that crime because the sentence was dictated by the provisions of K.S.A. 2015 Supp. 21-5414(b)(3), not Fowler's criminal history score. This is apparent because even if we exclude Fowler's two prior domestic battery convictions from his criminal history as he asks, their exclusion only reduces his criminal history score, but the reduction of his criminal history score has no effect on his sentence for felony domestic battery. Fowler's sentence is not illegal.

Affirmed.

* * *

MALONE, J., dissenting:  I respectfully dissent. Under the facts of this case, Brandon L. Fowler had two prior domestic battery convictions in his criminal history that were used to elevate his present domestic battery conviction from a misdemeanor to a

13

felony and also used to increase his criminal history score from category C to category B. I believe this action violates the plain language of K.S.A. 2015 Supp. 21-6810(d)(9).

The majority opinion has accurately set forth the facts. The State charged Fowler with two felonies, domestic battery and possession of methamphetamine. The domestic battery offense was charged as a felony because Fowler had been convicted of domestic battery twice within the past five years. Fowler pled guilty to both felonies.

Fowler's presentence investigation (PSI) report listed six prior adult person misdemeanor convictions, including the two most recent domestic battery convictions that were used to elevate the current domestic battery charge from a misdemeanor to a felony. The six person misdemeanor convictions were aggregated to form two person felony convictions, resulting in a criminal history score of category B. Had Fowler's two most recent domestic battery convictions not been counted, his criminal history score would have been category C. Significantly, this change would have placed Fowler's drug conviction into a border box on the drug grid as opposed to presumptive imprisonment.

At the sentencing hearing, the district court imposed the standard presumptive sentence of 34 months' imprisonment for the primary crime of felony possession of methamphetamine. The district court also sentenced Fowler to 12 months in the county jail and a fine of $1,000 for the felony domestic battery conviction. The district court denied Fowler's motion for a dispositional departure to probation with drug treatment even though both parties supported the motion.

On appeal, Fowler claims the district court imposed an illegal sentence when it calculated his criminal history in violation of K.S.A. 2015 Supp. 21-6810(d)(9). This statute provides:

14

"Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored."

Fowler's argument is straightforward. He asserts the district court imposed an illegal sentence when it used two of his prior person misdemeanor convictions both to elevate his present domestic battery conviction from a misdemeanor to a felony *and* to increase his criminal history score from category C to category B. Fowler is permitted to raise this issue for the first time on appeal because an incorrect criminal history score results in an illegal sentence which the court can correct at any time. See K.S.A. 22-3504(1); *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015).

The State's primary argument on appeal is that K.S.A. 2015 Supp. 21-5414, the statute governing domestic battery, is a self-contained statute that falls outside the scope of the revised Kansas Sentencing Guidelines Act (KSGA); thus, a conviction under that statute is not subject to the provisions of K.S.A. 2015 Supp. 21-6810(d)(9). The State cites K.S.A. 2015 Supp. 21-6804(i)(1), which contains the sentencing grid for nondrug crimes, to support its position. K.S.A. 2015 Supp. 21-6804(i)(1) states:

"The sentence for the violation of the felony provision of . . . K.S.A. 2015 Supp. 21-5414(b)(3), . . . and amendments thereto, shall be as provided by the specific mandatory sentencing requirements of that section and shall not be subject to the provisions of this section or K.S.A. 2015 Supp. 21-6807, and amendments thereto."

The majority does not adopt the State's argument that because K.S.A. 2015 Supp. 21-5414 is a self-contained statute, a conviction under that statute is not subject to the provisions of K.S.A. 2015 Supp. 21-6810(d)(9), but the majority opinion does not explain why it rejects this position. I agree with the majority that the State's argument fails, and the reason is because the argument is not supported by a plain reading of the applicable

15

statutes. First, K.S.A. 21-6804(i)(1) clearly states that "[t]he *sentence* for the violation of the felony provision of . . . K.S.A. 2015 Supp. 21-5414(b)(3) . . . shall be as provided by the specific mandatory sentencing requirements of that section and shall not be subject to the provisions of *this section* or K.S.A. 2015 Supp. 21-6807." (Emphasis added.) This statute simply says that the sentence for a felony domestic battery conviction, which has no designated severity level, is provided by the specific sentencing requirements of K.S.A. 2015 Supp. 21-5414 and is not determined by the KSGA sentencing grid. This statute does not say that a domestic battery conviction shall not be subject to the provisions of the KSGA in its entirety.

Second, K.S.A. 2015 Supp. 21-6810(d)(9) states that "[p]rior convictions *of any crime* shall not be counted in determining the criminal history category if they . . . elevate the classification from misdemeanor to felony . . . of the present crime of conviction." (Emphasis added.) The statute contains no limiting language in relation to which crimes, past or present, are covered. Indeed, it plainly covers prior convictions of *any* crime.

So the State is correct insofar as it asserts that domestic battery, as defined in K.S.A. 2015 Supp. 21-5414, is exempt from the application of the KSGA sentencing grid pursuant to K.S.A. 2015 Supp. 21-6804(i)(1). But the State is incorrect in asserting that because domestic battery is exempt from the sentencing grid, it is also exempt from all other provisions of the KSGA, specifically K.S.A. 2015 Supp. 21-6810(d)(9).

Next, the State argues in passing—without citing any supporting authority—that K.S.A. 2015 Supp. 21-6810(d)(9) only prohibits the use of a prior conviction in calculating a defendant's criminal history score when such a conviction is also used to enhance the severity level, to elevate the classification from misdemeanor to felony, or as an element of the *primary* crime of conviction. The State asserts that because Fowler's primary crime of conviction was possession of methamphetamine and because the prior convictions for domestic battery were only used to elevate his current conviction for

16

domestic battery, the prior convictions could properly be used to elevate Fowler's criminal history score. The majority agrees with the State's second argument.

The majority relies primarily on *State v. Vontress*, 266 Kan. 248, 970 P.2d 42 (1998), in adopting the State's argument. In that case, the defendant was convicted of first-degree murder, aggravated robbery, aggravated battery, and criminal possession of a firearm. He received a nongrid sentence for the first-degree murder conviction. As for the remaining convictions, the defendant's full criminal history was applied to the primary crime of aggravated robbery. The full criminal history was not applied to the nonbase crimes, including criminal possession of a firearm.

On appeal, the defendant argued that the district court erred by including in his criminal history a prior conviction that was also used as an element of his present criminal possession of a firearm conviction. Our Supreme Court rejected this argument and stated that "[t]he exclusion in K.S.A. 21-4710(d)(11) [now K.S.A. 2015 Supp. 21-6810(d)(9)] does not pertain to any conviction where the prior felony does not provide an element of the offense or in some manner affect the penalty applicable to the conviction of the crime." 266 Kan. at 260. The court further reasoned:

> "Aggravated robbery was the primary crime for purposes of application of Vontress' criminal history score. The firearm conviction was not Vontress' primary crime. As a nonbase crime, a criminal history score of I was applied to the firearm conviction. Therefore, the prior felony was used as an element of the status crime and *not used to establish the penalty for the firearm conviction*." (Emphasis added.) 266 Kan. at 260.

In *Vontress*, our Supreme Court held that in a multiple conviction case, a prior conviction used as an element of a nonbase crime may be included in the defendant's criminal history as it applies to the primary crime. 266 Kan. at 260. Put more simply, the court reasoned that the defendant's prior conviction that was used as an element of his present criminal possession of a firearm conviction could be included in the defendant's

17

criminal history because the criminal history only applied to the primary crime, whereas a criminal history score of I was applied to the firearm conviction. 266 Kan. at 260; see also *State v. Davis*, 275 Kan. 107, 124-25, 61 P.3d 701 (2003) (applying same analysis); *State v. Berkstresser*, No. 94,131, 2007 WL 518832, at *6 (Kan. App. 2007) (unpublished opinion) (applying same analysis); *State v. Loggins*, No. 90,171, 2004 WL 1086970, at *5 (Kan. App. 2004) (unpublished opinion) (applying same analysis).

The majority concludes that the "upshot of these holdings is that where a defendant is being sentenced for multiple felony convictions, the term 'present crime of conviction' as contained in K.S.A. 2015 Supp. 21-6810(d)(9) refers only to the primary crime referred to in K.S.A. 2015 Supp. 21-6819(b)(2)." Slip op. at 12. I disagree with this conclusion because it is contrary to the plain language of K.S.A. 2015 Supp. 21-6810(d)(9). But before addressing the statutory language, I would first note that *Vontress* can be distinguished from Fowler's case.

In *Vontress*, the defendant's prior conviction at issue was used as an element of his present criminal possession of a firearm charge whereas in Fowler's case, the prior convictions at issue were used to elevate the classification of his present domestic battery charge from a misdemeanor to a felony. More importantly, in *Vontress*, the defendant's prior conviction that was used as an element of his present criminal possession of a firearm conviction was *not* used to establish the penalty for the firearm conviction—the court pointed out that a criminal history score of I was applied to the firearm conviction, so the sentence for the firearm conviction remained the same whether the prior conviction at issue was included in the criminal history. The court in *Vontress* was able to say that because the prior conviction at issue was not an element of the primary crime of conviction, the prohibition from K.S.A. 21-4710(d)(11) (now K.S.A. 2015 Supp. 21-6810[d][9]) did not apply. This analysis makes sense, as the prior conviction at issue was not truly "double counted" in calculating the defendant's sentence in *Vontress*.

18

However, in Fowler's case, his two most recent domestic battery convictions affected both the penalty for his present domestic battery conviction *and* the criminal history score that was applied to his primary crime of conviction. Specifically, Fowler's two most recent domestic battery convictions were used to enhance the current charge to a felony which *did* increase the penalty for that conviction (12 months in jail plus a $1,000 fine for a felony as opposed to a maximum sentence of 6 months in jail plus a $500 fine for a class B misdemeanor with no prior convictions), *and* the prior domestic battery convictions were also used to increase Fowler's criminal history score from category C to category B, which increased Fowler's sentence for possession of methamphetamine. In other words, the prior conviction at issue was not double counted in calculating the defendant's sentence in *Vontress*, but the prior convictions at issue were double counted to determine the penalties for Fowler's convictions.

The majority's interpretation of K.S.A. 2015 Supp. 21-6810(d)(9) is not supported by the plain language of the statute. The statute provides that "[p]rior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the *present* crime of conviction." (Emphasis added.) The majority would have the statute read: "Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the *primary* crime of conviction." There is no indication that the Legislature intended to limit the application of the statute to the "primary" crime of conviction. Instead, the statute's various limitations on the use of prior convictions to determine criminal history apply to "the present crime of conviction." K.S.A. 2015 Supp. 21-6810(d)(9). In Fowler's case, domestic battery is a present crime of conviction; thus, the statute applies in calculating his criminal history score.

To sum up, Fowler's two most recent domestic battery convictions were used to elevate his present domestic battery conviction from a misdemeanor to a felony, thereby

19

increasing the maximum penalty from 6 months in jail plus a $500 fine to the sentence Fowler actually received which was 12 months in jail plus a $1,000 fine. The same two prior domestic battery convictions were also used to increase Fowler's criminal history score from category C to category B, which increased Fowler's sentence for possession of methamphetamine. Because this action violates the plain language of K.S.A. 2015 Supp. 21-6810(d)(9), I would vacate Fowler's sentence and remand for resentencing.