The opinion of the court was delivered by
Beier, J.;
Defendant Michael Jordan appeals his conviction of felony theft by deception, arguing that the compulsory joinder rule of K.S.A. 21-3108(2)(a) barred his prosecution. We affirm Jordans conviction.
Factual and Procedural Background
The State charged Jordan in two separate cases for conduct occurring in April 2010.
That month Jordan contacted Joshua Smith about a Mercedes he had for sale. Smith gave Jordan a key so that Jordan could take the car for a test drive, and Jordan never returned. Smith reported the car stolen.
Nine days later, Jordan was pulled over while driving the Mercedes in Wichita. After stopping the car, Jordan jumped out and ran, but he was quickly apprehended and arrested. Police eventually learned that the license plate on the car did not belong on it and that the plate had been reported stolen a few days earlier.
*1018 In Jordans first case, the State accused him of committing four traffic offenses. The case went to bench trial on stipulated facts, which included a police report filed after Jordan was arrested. The district court judge found Jordan guilty of three of the four charged offenses.
In Jordans second case, the one before us on appeal today, he faced two charges, one for theft of the Mercedes by deception and one for intentionally obtaining control over the stolen license plate. Before trial, Jordans defense counsel moved to dismiss under K.S.A. 21-3108(2)(a), the compulsory joinder rule, because of the admission of the police report into evidence in the trial of the first case. The district judge denied the motion. After trial to the bench, Jordan was found guilty of theft by deception but was acquitted on the license plate charge. .
On appeal to the Court of Appeals, Jordan challenged the district judges refusal to dismiss. The panel affirmed. See State v. Jordan, No. 106,409, 2012 WL 5869571 (Kan. App. 2012) (unpublished opinion). The panel relied primarily on this courts decision in State v. Wilkins, 269 Kan. 256, 263, 7 P.3d 252 (2000), which held that K.S.A. 21-3108(2)(a) does not apply unless “tire evidence presented in an earlier trial [was] sufficient to support a conviction sought in a later trial.” The panel recognized—in response to Jordans argument—that the statutes text did not explicitly require “sufficient evidence” to have been introduced in a prior trial, but the panel considered itself duty bound to follow this courts precedent. Jordan, 2012 WL 5869571, at *2. According to the panel, at the trial on the traffic offenses, “the only element for theft by deception that was met by the police report was that Smith owned” the Mercedes; there was no evidence of Jordan’s intent or deceitfulness, of the car being valued between $1,000 and $25,000, or of the date or place of the theft. 2012 WL 5869571, at *3.
Discussion
This case requires us to interpret or construe K.S.A. 21-3108(2) (a), an exercise governed on appeal by a de novo or unlimited standard of review. State v. Looney, 299 Kan. 903, Syl. ¶ 2, 327 P.3d 425 (2014).
*1019 “The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. State v. Arnett, 290 Kan. 41, 47, 223 P.3d 780 (2010). But if a statute is plain and unambiguous, this court will not speculate about legislative intent or turn to canons of construction or legislative history. State v. Coman, 294 Kan. 84, 92, 273 P.3d 701 (2012). On the other hand, where a criminal statute is silent or ambiguous on a matter, the rule of lenity applies to mandate that the statute be construed in favor of the accused. Cf. State v. Thompson, 287 Kan. 238, 249, 200 P.3d 22 (2009) (statute silence or ambiguity on unit of prosecution construed in favor of defendant).” State v. Reese, 300 Kan. 650, 653, 333 P.3d 149 (2014).
Jordan pursues a two-level attack on the panels decision. First, he urges this court to overrule Wilkins. Failing that, in the alternative, Jordan argues that the State presented sufficient evidence of his involvement in the theft of the Mercedes by deception at the traffic offense bench trial, meaning the Wilkins rule was satisfied and tire compulsory joinder rule should have precluded his second prosecution.
“Under the compulsory joinder rule, if evidence is admitted of an offense not contained in the charge, later prosecution of that offense is barred if it could have been included as an additional count in the first prosecution.” Wilkins, 269 Kan. at 260; see In re Berkowitz, 3 Kan. App. 2d 726, 742, 602 P.2d 99 (1979). “The objective of the compulsory joinder rule is to further the constitutional guaranty against multiple trials.” Berkowitz, 3 Kan. App. 2d at 734; see 22 C.J.S., Criminal Law § 314 (statutory compulsory joinder provisions expand proscription of double jeopardy beyond constitutional protections). And this court has long held that the object of K.S.A. 21-3108(2)(a) “is to prevent the prosecution from substantially proving a crime in a trial in which the crime is not charged, and tiren in effect retrying the defendant for the same offense in a trial where it is charged.” State v. Mahlandt, 231 Kan. 665, 668, 647 P.2d 1307 (1982). Kansas has long subscribed to the compulsory joinder doctrine. See Berkowitz, 3 Kan. App. 2d at 735 (tracing doctrines origin in Kansas to legislative action in 1935).
At the time of Jordan’s trial, K.S.A. 21-3108(2)(a) provided:
“(2) A prosecution is barred if the defendant was formerly prosecuted for a different crime ... if such former prosecution:
“(a) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime or crimes of which evidence has been admitted in the former *1020 prosecution and which might have been included as odier counts in the complaint, indictment or information filed in such former prosecution or upon which the state then might have elected to rely
There are three requirements for application of the compulsory joinder provision to bar a prosecution, occasionally referred to as the Berkowitz test: “‘(1) The prior prosecution must have resulted in either a conviction or an acquittal; (2) evidence of the present crime must have been introduced in the prior prosecution; and (3) tire present crime must be one which could have been charged as an additional count in the prior case.’” Wilkins, 269 Kan. at 260 (quoting Berkowitz, 3 Kan. App. 2d at 743). Jordan and the State agree that the first and third requirements have been met here. This appeal turns on the second requirement—evidence of the crimes charged in the second case was admitted at the first trial.
In Wilkins, this court read a demand for sufficiency into the evidence requirement:
“In order for K.S.A. 21-3108(2)(a) to apply, the evidence presented in an earlier trial needs to be sufficient to support a conviction sought in a later trial. There needs to be more than a mere scintilla of evidence. A slight or passing reference to evidence will not be enough to trigger the application of K.S.A. 21-3108(2)(a). See Spring, The Effect of Former Prosecutions: Something Old and Something New Under Kan. Stat. Ann. Sec. 21-3108,9 Wash. L.J. 179,185 (1970) (noting that evidence must be sufficient to support conviction in subsequent prosecution). The fact that some evidence used in the first trial is also used in the second trial does not necessarily bar prosecution. State v. Edgington, 223 Kan. 413, 417, 573 P.2d 1059 (1978). The question is whether the second crime was proved by the admission of evidence of tire second crime in the first trial. State v. Bamhait, 266 Kan. 541, 544, 972 P.2d 1106 (1999). To determine this, we adopt a test similar to that used when challenging the sufficiency of evidence on appeal. In order to satisfy the second prong of the Berkowitz test, a defendant must show that the evidence presented at the first trial, when viewed in a light most favorable to the defendant, would lead a rational factfinder to find the defendant guilty beyond a reasonable doubt of the crimes in the second trial.” Wilkins, 269 Kan. at 263.
Jordan relies on the plain language of K.S.A. 21-3108(2)(a) to argue that the statute’s use of the word “evidence” does not require a particular quantum of evidence to be admitted in a prior trial and that Wilkins improperly demanded sufficient evidence to convict. In his view, the admission of any evidence of a crime charged in a later proceeding at a prior trial would support application of the *1021 compulsoiy joinder rule and mandate dismissal of the second prosecution.
Wilkins was decided before articulation of our modern pattern for interpretation of clear statutes and construction of ambiguous ones. See, e.g., Reese, 300 Kan. at 653. Under this pattern, we first interpret a statute s plain language; if the statutory language is unclear, we move to construction—employing canons, searching legislative history, and identifying substantive background considerations—to define and accomplish legislative purpose.
Although Wilkins predates this pattern, we note that the legislature has not seen fit in the past 15 years to pass an amendment to the statutory language to contradict or undercut the Wilkins sufficiency rule. Legislative inaction may not be the strongest indicator of specific legislative purpose, see State v. Quested, 302 Kan. 262, 279, 352 P.3d 553 (2015), but it is an indicator. And we have observed several times over that todays policy makers in the two other branches of state government and those who influence their work do not hesitate to take corrective action when they disagree with this courts reading or application of legislative language. See State v. Tahah, 302 Kan. 783, 786-87, 358 P.3d 819 (2015), cert. denied February 29, 2016 (recognizing legislative action to abolish lesser included offenses of felony murder in response to State v. Tahah, 293 Kan. 267, 262 P.3d 1045 [2011]); State v. Keel, 302 Kan. 560, 563, 357 P.3d 251 (2015) (recognizing legislative action for scoring presentencing guidelines convictions in response to State v. Murdock, 299 Kan. 312, 323 P.3d 846 [2014], modified by Supreme Court order September 19, 2014).
We are also influenced by stare decisis, which is not a rigid inevitability but a prudent governor on the pace of legal change. See Quested, 302 Kan. at 271 (doctrine particularly compelling when legislature free to alter statute in response to court precedent but declines to do so).
Under these circumstances, we decline Jordan’s invitation to overrule Wilkins wholesale.
We do, however, have one remaining Wilkins language bother. It appears that the word “would” should be replaced by the word “could” in the following sentence from the Wilkins opinion: “In *1022 order to satisfy the second prong of the Berkowitz test, a defendant must show that the evidence presented at the first trial, when viewed in a light most favorable to the defendant, would lead a rational factfinder to find the defendant guilty beyond a reasonable doubt of the crimes in the second trial.” 269 Kan. at 264. Sufficiency is a possibility concept, not a probability concept. See State v. LeClair, 295 Kan. 909, 911, 287 P.3d 875 [2012]) (admitted evidence of crime sufficient as matter of law if factfinder could convict). We see nothing in the K.S.A. 21-3108(2)(a)’s statement of the compulsory joinder rule or its purpose as discerned by the Wilkins court that dictates allocation of the higher “would” burden on a defendant seeking to bar a second prosecution.
With the Wilkins rule still in place, we also reject Jordans alternative challenge to his conviction. Although there was some evidence presented in the traffic offenses bench trial that Jordan had deprived Smith of his Mercedes, there was nowhere near sufficient evidence of all of the elements of theft by deception. For example, there was no evidence of deception apparent from or even suggested by the police report, which formed the bulk, if not the entirety, of the content of the parties’ stipulation.
Conclusion
Defendant Michael Jordan was not entitled to claim the protection of the compulsory joinder rule in K.S.A. 21-3108(2)(a). We affirm the decision of the Court of Appeals and the judgment of the district court.
* ⅞ ⅞