No. 116,244

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SIERRA ROSE NIEHAUS,
*Appellant*.

SYLLABUS BY THE COURT

1.

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. To determine the intent of the legislature, courts must first attempt to ascertain legislative intent through the plain language of the statute—giving common words their ordinary meanings.

2.

K.S.A. 2016 Supp. 75-724(c) provides that a district court shall not lessen or waive DNA database registration fees unless the court has determined such person is indigent and the basis for the court's determination is reflected in the court's order.

3.

A district court is not required under the plain language of K.S.A. 2016 Supp. 75-724 to *sua sponte* consider a defendant's ability to pay the DNA database registration fee.

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed April 21, 2017. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

1

*Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., PIERRON and BRUNS, JJ.

BRUNS, J.: Sierra Rose Niehaus appeals the district court's order requiring her to pay a $200 DNA database registration fee after she pled no contest to second-degree murder and several other crimes. On appeal, Niehaus argues that K.S.A. 2016 Supp. 75-724(c) required the district court to consider her ability to pay the DNA database fee. Although we find that the plain language of K.S.A. 2016 Supp. 75-724(c) requires a district court to impose the fee and grants discretion to waive the fee when the defendant is indigent, we do not find that it requires a district court to *sua sponte* consider a defendant's ability to pay. Nevertheless, the record reflects that the district court did consider Niehaus' ability to pay when it was determining whether to assess restitution and other fees. Thus, we affirm.

FACTS

The facts of this case are undisputed. On August 1, 2014, Niehaus was arrested for the violent murder of her younger sister. Niehaus—who was 14 years old at the time the crime was committed—was charged as an adult with first-degree murder, in violation of K.S.A. 2014 Supp. 21-5402(a)(1).

On June 8, 2015, the district court ordered Niehaus to receive a forensic psychological evaluation and allowed her attorney to request funding from the Kansas Board of Indigent Services (BIDS). In addition, the district court granted Niehaus' request that Saline County provide educational services for her while she was in custody. On August 3, 2015, Niehaus waived her right to a speedy trial.

2

Pursuant to a plea agreement, the State filed an amended information on March 2, 2016. The amended information charged Niehaus with four counts: (1) murder in the second degree, in violation of K.S.A. 2014 Supp. 21-5403; (2) interference with law enforcement, in violation of K.S.A. 2014 Supp. 21-5904(a)(2); (3) interference with law enforcement, in violation of K.S.A. 2014 Supp. 21-5904(a)(1)(A); and (4) theft, in violation of K.S.A. 2014 Supp. 21-5801(a)(1). The State charged Niehaus as an adult on all of the counts. On the same day, Niehaus pled no contest to each of the amended charges, and the district court accepted her pleas.

On May 21, 2016, Niehaus filed a motion for downward durational or dispositional departure. At her sentencing hearing, the district court denied Niehaus' departure motion and proceeded to announce her sentence. On the second-degree murder charge, the district court sentenced Niehaus to 165 months in prison, with 36 months of postrelease supervision. The district court also sentenced her to consecutive terms of 9 months on each of the charges of interference with law enforcement and 7 months on the theft charge. As such, her total sentence is 190 months of prison time plus postrelease supervision.

Prior to assessing restitution, costs, or fees, the district court asked whether Niehaus planned to take advantage of any educational opportunities she would have within the prison system, and she agreed that she would. Niehaus further indicated, in response to the district court's questioning, that she physically had the ability to work while in prison and after her release. In addition, Niehaus did not object to restitution. Rather, her attorney asked the district court to consider her ability to pay. Moreover, Niehaus did not object to the district court imposing any of the costs and fees.

In ordering restitution in the amount of $6,260 to the Kansas Crime Victim Board for her sister's funeral expenses, the district court noted Niehaus' age and the fact that she would still be relatively young upon release from prison. Likewise, the district court

3

noted that Niehaus should be capable of working postrelease. The district court also ordered her to pay $193 in court costs, $220.99 to the Saline County Attorney's Office for reimbursement of expenses, a $400 Children's Advocacy Center assessment fee, and the $200 DNA database registration fee. However, in recognition of the amount of restitution, as well as the amount of costs and fees imposed, the district court waived the BIDS application fee in the amount of $100 and the BIDS attorney fees in the amount of $2,300. Specifically, the district court found that these additional fees would "pose an undue hardship upon the defendant."

ANALYSIS

The sole issue presented on appeal is whether the district court had an obligation to *sua sponte* consider Niehaus' ability to pay the $200 DNA database registration fee pursuant to K.S.A. 2016 Supp. 75-724. Because the interpretation of a statute involves a question of law, our review is unlimited. See *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016).

To determine the intent of the legislature, we must first attempt to ascertain legislative intent through the statutory language enacted—giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). Where there is no ambiguity, we do not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous do we resort to the canons of construction or legislative history to construe the legislature's intent. 303 Kan. at 813.

K.S.A. 2016 Supp. 75-724(c) provides that "[t]he court shall not lessen or waive [DNA database registration] fees unless the court has determined such person is indigent and the basis for the court's determination is reflected in the court's order." Niehaus

4

analogizes this statute to K.S.A. 22-4513, which requires a defendant to repay BIDS for legal representation during a criminal case that results in a conviction. K.S.A. 22-4513(b) states that "[i]n determining the amount and method of payment of [BIDS fees], the court shall take account of the financial resources of the defendant and the nature of the burden that payment of such sum will impose."

In *State v. Robinson*, 281 Kan. 538, Syl. ¶ 1, 132 P.3d 934 (2006), the Kansas Supreme Court determined that "[a] sentencing court assessing fees to reimburse [BIDS] . . . must consider on the record at the time of assessment the financial resources of the defendant and the nature of the burden that payment of the fees will impose." However, unlike the BIDS fee statute that expressly directs the district court to consider the financial burden—or ability to pay—before ordering reimbursement, the DNA database fee statute contains no such requirement. Thus, we find that the district court was not required under the plain language of K.S.A. 2016 Supp. 75-724 to *sua sponte* consider Niehaus' ability to pay the DNA database registration fee.

Nevertheless, a review of the record on appeal in this case indicates that prior to imposing restitution, costs, or fees, the district court did inquire about Niehaus' ability to pay. Specifically, the district court inquired about her intent to take advantage of educational opportunities within the prison system as well as her physical ability to work. The district court noted on the record that Niehaus would still be relatively young when she leaves prison and should be able to work. Furthermore, the district court took into consideration the amount of restitution, costs, and fees—including the DNA database fee—that Niehaus would be required to pay when it decided to waive both the BIDS application fee and the BIDS attorney fees. Accordingly, even if we assume that Niehaus' interpretation of the statute is correct, the record reflects that the district court considered her ability to pay in assessing the $200 DNA database registration fee.

Affirmed.