NOT DESIGNATED FOR PUBLICATION

No. 116,869

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID STAGNER,
*Appellant*.


MEMORANDUM OPINION


Appeal from Johnson District Court; STEPHEN R. TATUM, judge. Opinion filed October 27, 2017. Affirmed.


*Michelle A. Davis*, of Kansas Appellate Defender Office, for appellant.


*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before STANDRIDGE, P.J., HILL and SCHROEDER, JJ.


PER CURIAM: David Stagner appeals the imposition of lifetime postrelease supervision as a result of his conviction for sexual exploitation of a child. On appeal, Stagner claims the decision by this court in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), *rev. denied* 306 Kan. ___ (July 25, 2017), which found K.S.A. 2015 Supp. 22-3717(d)(1)(G) applies to sexually violent offenders convicted after July 1, 2006, was incorrectly decided. We find Stagner's arguments unpersuasive and we affirm.

1

Stagner pled guilty to committing one count of sexual exploitation of a child and one count of criminal use of explosives on June 13, 2016. The district court sentenced Stagner on August 30, 2016, to 38 months' imprisonment followed by lifetime postrelease supervision. Stagner did not object to the imposition of lifetime postrelease supervision at sentencing. He now appeals.

On appeal, Stagner asserts his sentence is illegal because the 2013 legislative amendments to K.S.A. 2016 Supp. 22-3717(d)(1) created a conflict that required the district court to sentence him to 36 months' postrelease supervision under K.S.A. 2016 Supp. 22-3717(d)(1)(D), rather than lifetime postrelease supervision under K.S.A. 2016 Supp. 22-3717(d)(1)(G).

Whether a sentence is an illegal sentence is a question of law subject to unlimited review on appeal. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). A court may correct an illegal sentence at any time. K.S.A. 22-3504(1); *State v. Fisher*, 304 Kan. 242, 263-64, 373 P.3d 781 (2016). An illegal sentence is (1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Sims*, 306 Kan. 618, Syl. ¶ 2, 395 P.3d 413 (2017).

Stagner's argument depends on which one of the two statutory provisions apply to him. Thus, we must interpret the Kansas sentencing statutes. This court has unlimited review over statutory interpretation issues. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). When a statute is plain and unambiguous, an appellate court should

2

not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). When construing statutes to determine legislative intent, appellate courts must consider various provisions of an act *in pari materia* with a view of reconciling and bringing the provisions together in workable harmony if possible. *State v. Keel*, 302 Kan. 560, 573-74, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). Additionally, the courts must construe statutes to avoid unreasonable or absurd results and presume the legislature does not intend to enact meaningless legislation. *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014).

Sexual exploitation of a child is a sexually violent crime as defined in the statute. See K.S.A. 2016 Supp. 22-3717(d)(5)(H). A person convicted of a sexually violent crime committed after July 1, 2006, "shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life." K.S.A. 2016 Supp. 22-3717(d)(1)(G). Stagner was convicted of one count sexual exploitation of a child which occurred on or about May 7, 2015. The district court found that K.S.A. 22-3717(d)(1)(G) applied and sentenced Stagner to lifetime postrelease supervision.

In comparison, K.S.A. 2016 Supp. 22-3717(d)(1)(D) provides that a person convicted of a sexually violent crime serve a fixed 12, 24, or 36-month postrelease supervision term based on the severity level of the crime. This provision applies to persons sentenced for crimes "committed on or after July 1, 1993." K.S.A. 2016 Supp. 22-3717(d)(1).

Stagner's challenge to lifetime postrelease supervision and the application of K.S.A. 2016 Supp. 22-3717(d)(1)(G) was extensively discussed by our court in *Herrmann*. We see no reason to rewrite its detailed analysis but quote in relevant part:

"We find the plain language of the statute clearly decides the issue presented. Subsection (d)(1) explains that persons sentenced for crimes committed after July 1, 1993, will not be eligible for parole; instead, they will be subject to mandatory postrelease supervision as provided in the subparagraphs that follow. Notably, however, this subsection (d)(1) expressly states that the mandatory postrelease supervision provided in the subparagraphs that follow *do not apply* to 'persons subject to subparagraph (G).' Subparagraph (G) provides that 'persons convicted of a sexually violent crime committed on or after July 1, 2006, and who are released from prison, shall be released to a mandatory period of postrelease supervision for the duration of the person's natural life.' . . .

". . . The provisions in each subparagraph apply to a distinct class of persons. K.S.A. 22-3717 as a whole applies to all persons convicted of a crime after July 1, 1993. See L. 1992, ch. 239, sec. 270 ('Persons sentenced for crimes committed on or after July 1, 1993, will not be eligible for parole, but will be released to a mandatory period of postrelease supervision upon completion of the prison portion of their sentence.'). Subparagraph (G) was added to the statute in 2006 to create an explicit exception applicable only for 'persons convicted of a sexually violent crime committed on or after July 1, 2006.' See L. 2006, ch. 212, sec. 19 (also adding language to [d][1] excepting 'persons subject to subparagraph [G]'). Reading subparagraph (D) in pari materia, it falls under subsection (d)(1) and so applies to all persons but those expressly excluded: persons sentenced for off-grid crimes committed on or after July 1, 1993, and persons committing a sexually violent crime on or after July 1, 2006, as stated in subparagraph (G). Therefore, subparagraph (D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. Thus, there are no persons convicted of a sexually violent crime to whom both subparagraph (D) and subparagraph (G) apply. Construing the statute as a whole and giving effect to all of the statutes, as this court must, there is no conflict or ambiguity in amended subsection (d)(1)." 53 Kan. App. 2d at 152-53.

To further clarify, the *Herrmann* court ultimately concluded the date the person committed the sexually violent crime is the deciding factor in determining which postrelease supervision provision applies. Subparagraph (D) applies to persons sentenced for a sexually violent crime committed after July 1, 1993, but before July 1, 2006.

Whereas, subparagraph (G) applies to all persons sentenced for a sexually violent crime committed on or after July 1, 2006. 53 Kan. App. 2d at 153.

Stagner acknowledges *Herrmann* applies to the issue on appeal but argues this panel should not follow it. We decline Stagner's invitation and find his arguments against applying *Herrmann* unpersuasive.

With our finding the *Herrmann* decision is persuasive, we also observe the Legislature has reacted favorably to the *Herrmann* decision and recently modified K.S.A. 2016 Supp. 22-3717(d)(1)(D), as follows:

> "Persons sentenced to a term of imprisonment that includes a sentence for a sexually violent crime as defined in K.S.A. 22-3717, and amendments thereto, *committed on or after July 1, 1993, but prior to July 1, 2006*, a sexually motivated crime in which the offender has been ordered to register pursuant to K.S.A. 22-3717(d)(1)(D)(vii), . . . shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)C), plus the amount of good time and program credit earned and retained . . . ." (Emphasis added.) L. 2017, ch. 100, § 10(d)(1)(D).

This legislative action effective July 1, 2017, deleted nothing from the previous statutes and added language to clarify, as *Herrmann* found, the statute only applies to crimes committed between July 1, 1993 and July 1, 2006. With this change to (D), the Legislature also amended K.S.A. 2016 Supp. 22-3717(d)(1)(G) to specify it only applies to offenders 18 years or older. It still requires lifetime postrelease supervision for sexually violent offenders for offenses committed after July 1, 2006. L. 2017, ch. 100, § 10(d)(1)(G)(i).

Stagner also requests we apply the rule of lenity. We decline as we observe no reason why it applies to Stagner's sentence. He was correctly sentenced pursuant to

5

K.S.A. 2016 Supp. 22-3717(d)(1)(G) as his crime of conviction occurred long after July 1, 2006.

Finally, Stagner argues the *Herrmann* decision renders the 2013 amendments to K.S.A. 2016 Supp. 21-6821 meaningless when applied to persons sentenced under K.S.A. 2016 Supp. 22-3717(d)(1)(G) because it is impossible to add good-time credits to a term of lifetime postrelease supervision.

K.S.A. 2016 Supp. 21-6821 provides in relevant part:

"(c) The postrelease supervision term of a person sentenced to a term of imprisonment that includes a sentence for a sexually violent crime as defined in K.S.A. 22-3717 . . . shall have any time which is earned and subtracted from the prison part of such sentence and any other consecutive or concurrent sentence pursuant to good time calculation added to such inmate's postrelease supervision term.

. . . .

"[e](2) Any time which is earned and subtracted from the prison part of the sentence of any inmate pursuant to program credit calculation shall not be added to such inmate's postrelease supervision term, if applicable, except that the postrelease supervision term of a person sentenced to a term of imprisonment that includes a sentence for a sexually violent crime as defined in K.S.A. 22-3717 . . . shall have any time which is earned and subtracted from the prison part of such sentence and any other consecutive or concurrent sentence pursuant to program credit calculation added to such inmate's postrelease supervision term."

Before 2013, K.S.A. 2012 Supp. 21-6821(c) and (e)(2) provided good-time credits earned in prison would be added to any person's postrelease supervision term. The Kansas Legislature's 2013 amendments to K.S.A. 21-6821(c) and (e)(2) provided that only persons convicted of certain offenses, including sexually violent crimes, must have earned good-time credits added onto his or her postrelease supervision term. L. 2013, ch. 76, § 4.

6

The *Herrmann* decision does not address the 2013 amendments to K.S.A. 21-6821, but it did address the legislative intent behind the 2013 amendments to K.S.A. 22-3717. 53 Kan. App. 2d at 153-54. The *Herrmann* court found the amendments provide for a general reduction to most postrelease supervision terms but made an exception for persons convicted of sexually violent crimes in subparagraph (D). 53 Kan. App. 2d at 153-54. Specifically, the amendments removed language regarding good-time credits from subparagraphs (A)-(C). See L. 2013, ch. 133, § 13. The Legislature created an exception for persons convicted of a sexually motivated crime in subparagraph (D) by sentencing persons to fixed postrelease supervision terms, as discussed above, "plus the amount of good time and program credit earned and retained . . . ." L. 2013, ch. 133, § 13; see also *Herrmann*, 52 Kan. App. 2d at 154 (discussing 2013 amendments).

Together, the 2013 amendments to K.S.A. 22-3717 and K.S.A. 21-6821 provide that persons sentenced to a fixed postrelease supervision term under K.S.A. 22-3717(d)(1)(D) will continue to serve any good-time credits earned on his or her postrelease supervision. See L. 2013, ch. 133, § 13 (amending K.S.A. 22-3717); L. 2013, ch. 76, § 4 (amending K.S.A. 21-6821). Because the 2013 amendments to K.S.A. 21-6821 continue to affect persons sentenced under K.S.A. 22-3717(d)(1)(D)—persons who commit a sexually violent crime after July 1, 1993, but before July 1, 2006—*Herrmann* did not render the amendments to K.S.A. 21-6821(c) and (e)(2) meaningless. See *State v. Knopp*, No. 116,365, 2017 WL 3822799, at *5 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* October 2, 2017; *State v. Wilson*, No. 116,381, 2017 WL 2212171, at *4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* June 19, 2017.

The district court was statutorily required to sentence Stagner to lifetime postrelease supervision and did.

Affirmed.