NOT DESIGNATED FOR PUBLICATION

No. 117,260

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHN WINSTON BANNON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; PHILLIP B. JOURNEY, judge. Opinion filed December 8, 2017. Affirmed.

*David L. Miller*, of Ney, Adams & Miller, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., LEBEN, J., and KEVIN P. MORIARTY, District Judge, assigned.

PER CURIAM: John Winston Bannon appeals following his conviction for running a red light. He argues the district court lacked jurisdiction over his case because the law enforcement officer did not issue a citation to Bannon at the scene and thus acted outside the scope of K.S.A. 8-2109(a), which applies when law enforcement officers are at the scene of an accident.

FACTS

At approximately 6:51 p.m. on September 29, 2016, Sedgwick County Sheriff's Deputy Trevor Marshall responded to a dispatch call regarding an injury accident at the intersection of Windmill Road and Zoo Boulevard. Upon arrival, Marshall observed a truck with front-end damage in the middle of the intersection. Marshall also observed a small car with damage along the driver's side that was perpendicular on Zoo Boulevard. Marshall spoke with Alexander Aberg, the driver of the truck. Aberg advised that he had been in the left-hand turn lane to turn from Zoo Boulevard onto Windmill Road. Aberg reported that after receiving a green arrow, he proceeded through the intersection and was struck by the car, later identified as being driven by Bannon. Marshall also spoke with Jacqueline and David Moore, who were in a second left-hand turn lane next to Aberg's truck. The Moores stated that they had to slow down as they proceeded through the intersection because Bannon's car was moving fast and was not going to stop. Conversely, Bannon claimed that he had the green light at the intersection. Marshall had everyone fill out statement forms so he could later reread the statements and complete a report. Marshall did not issue a citation at the scene. Based on the information gathered in his interviews, Marshall later issued Bannon a "Uniform Notice to Appear and Complaint" citation for running a red light by submitting it to the records department for further action.

On October 4, 2016, Bannon's citation was filed in the Sedgwick County District Court. The case proceeded to a bench trial, where the court heard testimony from Marshall, Aberg, and the Moores consistent with the above. Bannon also testified, stating that the light was green as he approached the intersection and then turned yellow just before he entered it. Bannon claimed that he was unable to stop at that point, so he proceeded through the intersection, where the truck hit him on the driver's side. Bannon further testified that he never personally received a citation and only learned that a citation had been issued after contacting the Sedgwick County Records Department.

2

Prior to closing arguments, defense counsel orally moved to dismiss the case, arguing that the district court lacked jurisdiction because Bannon had not properly been served with the citation at the scene pursuant to K.S.A. 2016 Supp. 8-2106 and K.S.A. 8-2109. The district court denied the motion, noting that any due process argument should have been raised prior to trial and that defense counsel had essentially waived the issue of service by entering an appearance on Bannon's behalf and setting the case for a disposition hearing. The court concluded that because law enforcement officers do not usually witness traffic accidents, the nature of accident investigations almost always requires officers to make probable cause determinations after the fact.

Based on the testimony presented, the district court found Bannon guilty of running a red light. The court ordered Bannon to pay a $75 fine and $110 in court costs. After Bannon filed a timely notice of appeal, the district court entered an order staying payment of the fine and court costs pending the outcome of the present appeal.

ANALYSIS

Bannon argues that the district court erred in denying his oral motion to dismiss, claiming the court lacked subject matter jurisdiction over his case because Deputy Marshall did not issue a citation to Bannon at the scene of the accident in accordance with Kansas law.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). Resolution of this issue will necessarily involve statutory interpretation, which is also a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

We must first review the statutes relevant to this appeal. Bannon's citation was issued pursuant to K.S.A. 8-2109(a), which gives law enforcement officers at the scene of a traffic accident the general authority to issue a traffic citation:

> "Except for felonies, a police officer at the scene of a traffic accident may issue a written traffic citation, as provided in K.S.A. 8-2106 and amendments thereto, to any driver of a vehicle involved in the accident when, based upon personal investigation, the officer has reasonable and probable grounds to believe that the person has committed any offense under the provisions of this act in connection with the accident."

K.S.A. 2016 Supp. 8-2106(a) provides that a law enforcement officer "may prepare and deliver to a person a written traffic citation on a form approved by the division of motor vehicles, if the law enforcement officer stops the person for a violation of" various misdemeanor or traffic infractions. The statute further provides:

> "(b) The citation shall contain a notice to appear in court, the name and address of the person, the type of vehicle the person was driving, whether hazardous materials were being transported, whether an accident occurred, the state registration number of the person's vehicle, if any, a statement whether the vehicle is a commercial vehicle, whether the person is licensed to drive a commercial motor vehicle, the offense or offenses charged, the time and place when and where the person shall appear in court, the signature of the law enforcement officer, and any other pertinent information.
> "(c) The time specified in the notice to appear shall be at least five days after the alleged violation unless the person charged with the violation demands an earlier hearing.
> "(d) The place specified in the notice to appear shall be before a judge of the district court within the county in which the offense is alleged to have been committed.
> "(e) Except in the circumstances to which subsection (a) of K.S.A. 8-2104, and amendments thereto, apply, in the discretion of the law enforcement officer, a person charged with a misdemeanor may give written promise to appear in court by signing at least one copy of the written citation prepared by the law enforcement officer, in which event the law enforcement officer shall deliver a copy of the citation to the person and shall not take the person into physical custody.

4

"(f) When a person is charged with a traffic infraction, the notice to appear shall provide a place where the person may make a written entry of appearance, waive the right to trial and plead guilty or no contest. Such notice to appear shall contain a provision that the person's failure to either pay such fine and court costs or appear at the specified time may result in suspension of the person's drivers' license as provided in K.S.A. 8-2110, and amendments thereto. The notice to appear shall provide a space where the law enforcement officer shall enter the appropriate fine specified in the uniform fine schedule contained in K.S.A. 8-2118, and amendments thereto, for the violation charged and court costs in the amount provided by law. If the notice to appear does not do so, the law enforcement officer shall provide a person charged with a traffic infraction a form explaining the person's right to appear and right to a trial and the person's right to pay the appropriate fine and court costs prior to the appearance date. The law enforcement officer shall provide the person with the address of the court to which the written entry of appearance, waiver of trial, plea of guilty or no contest and payment of fine and court costs should be mailed.

"(g) Any officer violating any of the provisions of subsection (f) is guilty of misconduct in office and shall be subject to removal from office." K.S.A. 2016 Supp. 8-2106(b)-(g).

Under K.S.A. 8-2108, the prosecution of a traffic infraction may be initiated by filing a citation with the district court:

"In the event the form of citation provided for in K.S.A. 8-2106 and amendments thereto includes information required by law and is signed by the officer preparing it, such citation when filed with a court having jurisdiction shall be deemed to be a lawful complaint for the purpose of prosecution for the violation specified."

See also K.S.A. 2016 Supp. 22-2202(h) (defining the term "'[c]omplaint'" as "a written statement under oath of the essential facts constituting a crime, except that a citation or notice to appear issued by a law enforcement officer pursuant to and in compliance with K.S.A. 8-2106, and amendments thereto . . . shall be deemed a valid complaint if it is signed by the law enforcement officer").

Alternatively, the State may prosecute traffic infractions under the procedure set forth in K.S.A. 22-2303(1). This statute provides, in relevant part:

> "In misdemeanor cases, cigarette or tobacco infraction cases and traffic infraction cases a prosecution may be begun by filing an information in the district court. Such information shall be verified positively or shall be accompanied by affidavits stating the facts constituting the crime charged. When an information is filed under this section further proceedings shall be had only after the judge has determined from the information, or from an affidavit or affidavits filed with the information or from other evidence that there is probable cause to believe both that a crime has been committed and that the defendant has committed it." K.S.A. 22-2303(1).

See *State v. Wiggins*, No. 91,677, 2005 WL 81507, at *4 (Kan. App. 2005) (unpublished opinion) (information filed pursuant to K.S.A. 2003 Supp. 22-2303[1] provided permissible means to prosecute defendant for reckless driving upon a third-party complaint).

Bannon argues that if the State chooses to use a citation as the charging instrument commencing prosecution, then it must be issued pursuant to the procedures set forth in K.S.A. 2016 Supp. 8-2106, which includes a requirement that the officer actually deliver the citation to the person charged. Bannon claims that since Marshall did not deliver the citation to him, it could not serve as a valid complaint under K.S.A. 8-2108. Bannon further contends that because the State did not alternatively proceed under K.S.A. 22-2303(1), the district court lacked subject matter jurisdiction over his case.

At the outset, both parties discuss *State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016), wherein the Kansas Supreme Court established a new analytical framework for evaluating a defective complaint claim. The *Dunn* court pointed out that "[c]harging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases; the Kansas Constitution does." 304 Kan. at 811. But Bannon

6

takes no issue with the content of the citation itself and does not otherwise argue that it lacked any required information. Rather, he argues that the citation could not serve as a lawful complaint because it was not issued in accordance with Kansas law. *Dunn* is not applicable to the issue presented in this case.

As support for his argument, Bannon relies primarily on *Wiggins*, an unpublished decision of this court. In *Wiggins*, an individual contacted law enforcement to report the defendant for reckless driving. An officer later made contact with the defendant and issued a citation for reckless driving. No complaint or information was issued, and the case proceeded to a bench trial on the traffic citation. The defendant moved to dismiss the case on grounds that the court lacked jurisdiction because the officer did not witness the incident, did not stop the defendant's vehicle, and could not issue the uniform notice to appear and complaint for the traffic offense. The district court denied the motion and convicted the defendant of reckless driving. On appeal, the defendant argued that the district court lacked jurisdiction because the officer did not have authority to issue the citation because he did not stop the defendant's vehicle pursuant to K.S.A. 8-2106(a). A panel of this court agreed with the defendant, holding that K.S.A. 8-2106(a) only applies when a law enforcement officer stops a driver for a traffic violation. As a result, the panel concluded that because the officer did not have authority to issue a traffic citation to the defendant, the district court lacked jurisdiction and vacated the conviction. 2005 WL 81507, at *3-4.

*Wiggins* is easily distinguishable on its facts. Unlike the officer in *Wiggins* who did not personally stop the defendant for a traffic violation as contemplated by K.S.A. 2016 Supp. 8-2106(a), Deputy Marshall had authority to issue a traffic citation under K.S.A. 8-2109 because he responded to the scene of a traffic accident. The relevant question here is whether this citation could serve as a valid complaint under K.S.A. 8-2108.

7

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

Contrary to Bannon's assertion that a traffic citation must be issued at the scene of a traffic stop or accident, the use of the permissive term "may" in K.S.A. 2016 Supp. 8-2106(a) and K.S.A. 8-2109(a) signals that a law enforcement officer has discretion to issue a traffic citation at the scene. Moreover, the language contemplating the preparation and delivery of a written traffic citation in K.S.A. 2016 Supp. 8-2106(a) clearly only applies when an officer stops an individual for a traffic violation. K.S.A. 2016 Supp. 8-2106(a) ("A law enforcement officer may prepare and deliver to a person a written traffic citation on a form approved by the division of motor vehicles, *if the law enforcement officer stops the person . . . .*" [Emphasis added.]); *Wiggins*, 2005 WL 81507, at *3 (K.S.A. 8-2106[a] "applies only when a law enforcement officer stops a driver for a traffic violation"). This distinction between K.S.A. 2016 Supp. 8-2106(a) and K.S.A. 8-2109(a) makes sense. A law enforcement officer who has personally witnessed a traffic violation is more likely to issue a citation at the scene than an officer who, without witnessing the accident, is dispatched to the scene and then conducts an investigation in order to determine the cause of the accident. It is only after an investigation a determination can be made to issue citations to any of the drivers involved. The nature of accident investigations often requires officers to make probable cause determinations after conducting an investigation that may not be completed at the scene. To that end, Marshall testified at trial that he prepared an accident report after he left the accident scene.

Further, the language of K.S.A. 8-2108 does not support Bannon's claim that personal delivery of a citation is required. In order for a citation to be deemed a lawful complaint, the statute merely requires that "the form of citation provided for in K.S.A. 8-2106 and amendments thereto includes information required by law and is signed by the officer preparing it." K.S.A. 8-2108. Notably, the Code for Municipal Courts provides that a complaint and notice to appear shall be deemed sufficient if it contains information required in K.S.A. 2016 Supp. 8-2106(b). See K.S.A. 12-4205a. Bannon does not take issue with the form or content of the citation or otherwise assert that it was missing Marshall's signature or any information required by K.S.A. 2016 Supp. 8-2106(b).

Finally, Bannon cites certain language in K.S.A. 2016 Supp. 8-2106(b), (c), and (f) that he claims contemplates actual delivery of the citation so the person cited knows when to appear in court. Bannon suggests that this language is rendered meaningless if an undelivered citation is considered a valid complaint.

But this argument is undermined by the fact that Bannon has expressly denied this case involves an issue relating to due process or notice. Indeed, defense counsel entered an appearance on Bannon's behalf and requested a disposition hearing, even though Bannon was never personally served with the citation.

Under K.S.A. 8-2109(a), Deputy Marshall was not required to personally deliver the citation to Bannon. The citation included the information required by K.S.A. 2016 Supp. 8-2106(b) and was signed by Marshall. Accordingly, once the citation was filed with the district court, it constituted a lawful complaint under K.S.A. 8-2108. The district court properly denied Bannon's motion to dismiss for lack of jurisdiction.

Affirmed.