NOT DESIGNATED FOR PUBLICATION

No. 117,717

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SEDGWICK COUNTY, KANSAS,
*Appellee*,

v.

CINDY JOYCE ALLEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed July 27, 2018. Affirmed.

*Charles A. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Michael L. Fessinger*, assistant county counselor, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and MALONE, JJ.

PER CURIAM: Cindy Joyce Allen appeals her conviction of a violation of the Sedgwick County Code that prohibits an adult entertainer from permitting a patron to touch the stage. She contends there is insufficient evidence to convict her of such a violation. Because the law requires us to review the evidence in the light most favorable to the prosecution, we uphold her conviction since the record discloses evidence that could be used by a rational fact-finder to find her guilty.

1

Shortly before midnight Sedgwick County Detective Manning and Deputy Mlagan entered Pleasures Adult Cabaret in Sedgwick County. Two details attracted the detective's attention—an adult entertainer was on the stage in direct line with the door he had entered and a red light on the DJ booth was not flashing as it usually was when he entered the club. The adult entertainer was Allen.

Allen was entertaining a male patron. Detective Manning stated that the patron was standing with his back towards the door and Allen was holding the back of the patron's head. She was pulling the patron's face into her crotch. While this was happening, the detective saw the patron's hands on the stage. The physical contact between Allen and the patron appeared to be mutual, and Allen did not try to stop it. Allen broke off contact with the patron a few seconds after the detective saw what was occurring on stage.

Concerning the red light, the detective testified that he had been inside the cabaret on official duty on many occasions. With just three exceptions, every time he had been in the cabaret a specific red light on the DJ booth had been emitting light. On that night, the light was not activated when he first entered the cabaret but was turned on shortly after he came in. In his opinion, this light was intended as a signal that law enforcement officers were on the premises.

When the detective asked Allen for her identification, she told him that the manager had it. The manager at the time, Kerri Lynne Shelite, gave the detective Allen's identification. The detective stated that Shelite was aggravated because the parking lot attendant had not called into the cabaret on his two-way radio.

The detective cited Allen for violating § 17-706(a) of the Sedgwick County Code because she encouraged or permitted an adult patron to touch, climb on, or otherwise

2

have contact with a cabaret stage. He cited Shelite with a similar violation. Allen and Shelite agreed to a joint trial on the charges.

At trial, the parties stipulated that Deputy Mlagan (who did not testify) did not know whether the patron's hands had touched the stage. On cross-examination, Detective Manning stated that the patron was seated rather than standing. From his report, the detective agreed that the patron's hands were on a "small barrier bar type area" below the stage.

The barrier area was about 12 inches below the stage and 16 to 18 inches wide. The barrier is a place that patrons are allowed to place their drinks and effects.

Allen testified that the patron did not touch the stage. Shelite stated that the patron may have been touching the barrier area but would not have been able to touch the stage. In Shelite's opinion, a patron would not be able to touch the stage because it was a prohibited act.

After weighing the evidence, the district court found Allen guilty. Specifically, the court found Detective Manning's direct testimony believable:

> "[Detective Manning's] testimony both on cross and direct that I have, originally he said the man was standing with his hands on the stage. And then it was brought to his attention that in his report the man was seated with his hands on the stage.
> . . . .
> "With the dance lights he would be able to see what he testif[ied] to, which was that [the patron] had his hands on the cabaret stage."

Thus, because Allen had permitted the patron to place his hands upon the stage, the district court imposed a $500 fine on Allen.

Allen appeals, complaining that there was insufficient evidence to support her conviction. There was no evidence to support a conclusion that the patron's hands had touched the stage since the detective's testimony had been impeached. Second, Allen argues that this stage is not a cabaret stage. We address her arguments in this order.

When we review the sufficiency of the evidence for a conviction we must review all the evidence in the light most favorable to the prosecution. We will uphold the conviction if we are convinced that a rational fact-finder could have found the defendant guilty beyond a reasonable doubt based on that evidence. *State v. Laborde*, 303 Kan. 1, 6, 360 P.3d 1080 (2015). We do not reweigh evidence or reassess the credibility of witnesses when determining if sufficient evidence supports a conviction. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016).

The only testimony that supports a conclusion that the patron's hands touched the stage comes from Detective Manning. On cross-examination, he contradicted his direct testimony when he unequivocally stated that the patron was seated rather than standing and his hands were on the barrier area.

Actually, Allen asks us to reweigh the evidence. We decline her invitation. Here, there was a conflict in the evidence that was presented by the detective. A rational fact-finder could assess his credibility and determine that his testimony on direct examination was more worthy of belief. That same rational fact-finder would then be able to conclude beyond a reasonable doubt that the patron had, in fact, touched the stage. Further, this rational fact-finder would be able to determine that Allen had caused the patron to touch the stage because she was pulling him towards her crotch by the back of his head.

It is true that in some rare cases this court engages in a reweighing of the evidence when determining whether there is sufficient evidence to support a conviction. But this is only done when the testimony is so incredible that no reasonable fact-finder could find

4

the defendant guilty beyond a reasonable doubt. See *State v. Matlock*, 233 Kan. 1, 5-6, 660 P.2d 945 (1983); *State v. Naramore*, 25 Kan. App. 2d 302, 322, 965 P.2d 211 (1998).

Here, while Detective Manning's testimony lacks credibility due to its inconsistency, the inconsistency does not rise to the level that no reasonable fact-finder could use it to support the conclusion. The determination by the district court was essentially a determination of whether the detective's testimony or his report was more credible. The patron allegedly touched the stage as he was being pulled into Allen's crotch. A reasonable fact-finder could believe the detective when he testified that he saw the patron's hands touch the stage. Thus, there was sufficient evidence that the patron's hands touched the stage.

For her second argument, Allen challenges whether there was sufficient evidence that the stage which the patron allegedly touched was a cabaret stage. Because the Code prohibits a patron from touching a cabaret stage, the stage must meet the definition of a cabaret stage for a criminal violation to occur. The Code specifies that a cabaret stage must be 18 inches above the patron seating area and separated from patron access by a barrier at least 18 inches wide "which prevents patrons from accessing the cabaret stage." §17-608(a).

According to Allen, because the patron was able to touch the cabaret stage it was not separated by a barrier that *prevents* a patron from accessing the stage. This analysis requires statutory interpretation—a question of law over which we exercise unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The purpose of statutory interpretation is to give effect to the intent of the drafters of the statutory language. See *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). Our analysis is complete if the plain language of the statute shows the intent of the drafters. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). Further, when we construe statutes we

must look at the whole statute and construe it in a way that there is a workable harmony between the provisions. *State v. Keel*, 302 Kan. 560, 573-74, 357 P.3d 251 (2015).

The definition of "prevent" used by Allen is too narrow for this context. While Allen does not explicitly define the word in her brief, she applies a definition that means completely foreclosing the possibility of an action from occurring. The drafters of the Code clearly did not intend for the term "prevent" to be defined in this way. If we apply Allen's definition of the word "prevent," the prohibition against a patron having contact with a cabaret stage is meaningless. When we interpret statutes, we avoid absurd results like the one Allen asks this court to reach. Additionally, we presume the drafters did not intend to enact meaningless provisions. *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014).

The drafters of this provision intended the word "prevent" to be broader than Allen's definition. When we look at the plain language of a statute, we give common words their ordinary meanings. *Barlow*, 303 Kan. at 813. Black's Law Dictionary defines prevent as "[t]o stop from happening; to hinder or impede." Black's Law Dictionary 1380 (10th ed., 2014). The ordinary meaning of "prevent" does not mean to completely foreclose the possibility of an event happening as Allen suggests.

The trial testimony supports a finding that the stage was a cabaret stage. It has a barrier which hinders or impedes a patron from touching the stage. Thus, there is sufficient evidence to conclude that this stage is a cabaret stage as defined by the Code.

Affirmed.