NOT DESIGNATED FOR PUBLICATION

No. 119,602

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEO ROBERT HILL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Opinion filed April 5, 2019. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., SCHROEDER, J., and STUTZMAN, S.J.

PER CURIAM:  Leo R. Hill appeals the district court's decision to dismiss his claims from postconviction DNA testing. The record reflects the DNA testing was inconclusive. Hill had previously confessed and pled to the charges of rape and aggravated indecent liberties with a child. At the postconviction hearing, Hill presented no evidence of his actual innocence. We affirm.

1

In January 2013, the State charged Hill with three counts of rape, one count of aggravated criminal sodomy, and four counts of aggravated indecent liberties with a child under the age of 14, alleging from 2009 to 2013 Hill sexually abused his daughter, M.H. Hill pled no contest to one count of rape and one count of aggravated indecent liberties. In exchange for Hill's plea, the State dismissed the other counts. The district court sentenced Hill to two concurrent lifetime sentences with no possibility of parole for 25 years. Hill's sentence required him to receive lifetime parole rather than the postrelease term the district court ordered, so the Kansas Court of Appeals reversed for resentencing.

At resentencing, Hill told the district court he wanted to withdraw his plea. He later alleged M.H.'s rape kit had returned negative DNA results which exonerated him. The district court denied Hill's request to withdraw his plea and resentenced him. Hill appealed, moved for postconviction DNA testing of M.H.'s rape kit, and asked the district court to appoint an attorney for him. The Kansas Court of Appeals affirmed Hill's convictions. *State v. Hill*, No. 112,985, 2016 WL 562919, at *3-5 (Kan. App. 2016) (unpublished opinion), *rev. denied* 305 Kan. 1254 (2017).

The record is unclear when the district court ordered DNA testing of M.H.'s rape kit. The district court also held an evidentiary hearing on Hill's postconviction motion.

Sergeant Hayden Fowler testified at the postconviction hearing. According to Fowler, Hill confessed to sexually touching M.H. and engaging in sexual intercourse with her. Hill also told Fowler he did not ejaculate in M.H. Hill admitted he digitally penetrated M.H. two weeks before his confession.

M.H. submitted to a sexual assault examination after police interviewed her and medical staff collected samples for a rape kit. Fowler explained:

2

"Sexual assault kits are best if done within three days, but it's possible to get DNA evidence as much as a week prior to. We wanted to make sure there that if there was revelation that there had been sexual intercourse within that week that we had a sexual assault kit on record."

Law enforcement did not submit the rape kit for testing prior to Hill's original sentencing and submitted the rape kit in 2015 upon the court's order. The parties stipulated to the admission of the Kansas Bureau of Investigation's (KBI) DNA test results. The KBI detected no semen or amylase, which is a compound in saliva.

Hill also testified at the evidentiary hearing. During plea negotiations, Hill asked his trial attorney about the outcome of the DNA testing, but he never received the test results before he pled no contest. On cross-examination, Hill agreed he told Fowler he committed all of the acts supporting his plea.

The State objected to the relevance of Hill's testimony about his plea negotiations with his trial attorney. The State believed Hill's testimony was irrelevant since the DNA test results were inconclusive under K.S.A. 2018 Supp. 21-2512(f)(3). Hill argued the DNA test results did not show his DNA, so the DNA testing was favorable under K.S.A. 2018 Supp. 21-2512(f)(2). Hill claimed this fact also made the test results of such materiality that a reasonable probability existed the evidence would result in a different outcome at sentencing. The district court overruled the State's objection and allowed Hill to complete his testimony.

Before the close of arguments, the district court noted it could find the DNA testing inconclusive because there was no semen or amylase detected. The district court gave both parties the opportunity to address this issue before closing the evidence. Defense counsel once again argued against finding the DNA testing was inconclusive.

3

According to defense counsel, Hill would not have entered a plea agreement had he known the tests detected no semen or amylase.

After hearing additional arguments from the State and defense counsel, the district court made a preliminary finding Hill was not entitled to relief under K.S.A. 2018 Supp. 21-2512(f)(2). The district court found the evidence was "not so material that a reasonable probability exists that the new evidence would result in a different outcome at trial or sentencing." The district court noted the DNA testing showed no semen or amylase, but this fact was unsurprising because Hill's last sexual contact—penetration by a finger—with M.H. was two weeks before medical staff conducted the rape kit and would not leave a trace of semen or amylase. The district court also found if Hill's case had reached trial, his confession and M.H.'s statements would lead to a guilty finding.

The district court found the DNA test results were inconclusive. The district court then proceeded to consider whether there was a substantial question of innocence. Defense counsel interjected, and the district court allowed counsel to argue whether any additional hearing was necessary. Defense counsel proposed meeting with Hill and filing another motion to argue a substantial question of innocence. The State argued no additional hearing was necessary. The district court agreed, finding there was no other evidence presented to support finding a substantial question of innocence.

ANALYSIS

Hill claims the district court violated the procedures set out in K.S.A. 2018 Supp. 21-2512(f). His claim raises issues of statutory interpretation, which is a question of law subject to unlimited appellate review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is the intent of the Legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). When a statute is plain and unambiguous, an appellate court

4

should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

DNA testing can, in some instances, establish a defendant's guilt or innocence. In other instances, the testing may not conclusively establish a defendant's guilt or innocence but may have significant probative value. *Haddock v. State*, 282 Kan. 475, 496, 146 P.3d 187 (2006). K.S.A. 2018 Supp. 21-2512(f) establishes three procedures depending on whether DNA test results are unfavorable, favorable, or inconclusive.

If the test results are unfavorable to a defendant, the district court must dismiss the defendant's request. K.S.A. 2018 Supp. 21-2512(f)(1)(A). If the test results are favorable to the defendant and "of such materiality that a reasonable probability exists that the new evidence would result in a different outcome at a trial or sentencing" the court must order a hearing and enter an order that serves the interests of justice. K.S.A. 2018 Supp. 21-2512(f)(2)(A)-(B). DNA testing need not be completely exonerating to be considered favorable. *Haddock*, 282 Kan. at 501.

If the test results are inconclusive, "the court may order a hearing to determine whether there is a substantial question of innocence." K.S.A. 2018 Supp. 21-2512(f)(3). Unlike a hearing under subsection (f)(2), the district court has discretion to grant or deny this hearing. *Haddock*, 282 Kan. at 499. If the court chooses to hear the matter, the defendant must prove by a preponderance of evidence there is a substantial question of his or her innocence. K.S.A. 2018 Supp. 21-2512(f)(3). If the defendant succeeds, the district court must order a hearing and enter an order that serves the interests of justice. K.S.A. 2018 Supp. 21-2512(f)(3).

Hill claims the district court erred because it made no threshold finding about the favorability of the DNA test results. His argument is unpersuasive. A plain reading of

K.S.A. 2018 Supp. 21-2512(f) requires no threshold finding. Had the Legislature intended such a finding it could have said so in the statute. We will not add language not already found in K.S.A. 2018 Supp. 21-2512(f). See *Barlow*, 303 Kan. at 813.

Hill also argues the district court required him to put on evidence about whether he had established a substantial question of innocence before the district court determined whether the DNA test results were favorable or inconclusive. The record does not support this claim. After Fowler and Hill testified, the district court noted the DNA testing could be considered inconclusive because there was no semen or amylase detected. The district court then gave both parties the opportunity to address this issue before the close of evidence and neither party introduced additional evidence. Instead, defense counsel argued the DNA test results were favorable to Hill because Hill would not have entered his plea if he had known the test results reflected no semen or amylase at the time of his plea.

Kansas caselaw recognizes district courts may need to consider a variety of evidence, including testimony, before reaching a conclusion about DNA testing. See *Haddock*, 282 Kan. at 487, 500 (observing the postconviction evidentiary testimony and DNA testing contradicted trial testimony). Here, the district court could not and did not make any determination about the DNA test results until after it heard Fowler's and Hill's testimony. Moreover, the DNA testing of M.H.'s rape kit showed no semen or amylase. Additional context was needed to interpret those results, and the testimony provided this context.

The record reflects Hill confessed to having sexual intercourse with M.H. at least five times over the course of two years, most recently one month before Hill confessed. Hill also said during his confession he did not ejaculate in M.H. According to Fowler, Hill also admitted to touching M.H.'s breast, buttocks, and vagina one week before he

6

confessed. Contact with M.H. was digital penetration, thus no semen or amylase would be present. These facts explain the lack of semen and amylase in the DNA testing.

The State gave Hill the opportunity to deny he confessed to Fowler, but on cross-examination, Hill agreed he confessed to Fowler. Given Hill's admitted confession and Fowler's testimony, the district court could did not err in finding the DNA test results were inconclusive under K.S.A. 2018 Supp. 21-2512(f)(3). The district court had discretion to grant or deny another hearing. See *Haddock*, 282 Kan. at 499. Hill does not argue the district court abused its discretion, so he has waived this argument. See *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). The district court correctly dismissed Hill's postconviction claims.

Affirmed.