NOT DESIGNATED FOR PUBLICATION

No. 117,564

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID A. HARESNAPE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed May 18, 2018. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., HILL, J., and WALKER, S.J.

PER CURIAM: David Haresnape was convicted of two counts of commercial sexual exploitation of a child. The district court imposed a controlling sentence of 44 months' imprisonment and lifetime postrelease supervision. Haresnape appeals his sentence, arguing that he should only have been sentenced to 24 months' postrelease supervision. Finding no error, we affirm.

FACTS

Haresnape pled guilty to two counts of commercial sexual exploitation of a child, level 5 person felonies, which were alleged to have occurred in August or September 2014. At the plea hearing, the district court advised Haresnape that the postrelease supervision period for a level 5 person felony was 36 months. The presentence investigation (PSI) report, on the other hand, indicated that a 24-month term of postrelease supervision was required.

At sentencing, the State objected to the PSI report, arguing that K.S.A. 2016 Supp. 22-3717(d)(1) required the district court to impose lifetime postrelease supervision because Haresnape was convicted of a sexually violent crime. Haresnape argued against imposition of lifetime postrelease supervision, noting that he did not use physical violence in committing his crimes of conviction. The district court found that commercial sexual exploitation of child was a sexually violent crime as defined by statute, and it was required to impose lifetime postrelease supervision. The court imposed a controlling sentence of 44 months' imprisonment and lifetime postrelease supervision. Haresnape has timely appealed.

ANALYSIS

As his single issue on appeal, Haresnape argues that his sentence is illegal, and the district court should have sentenced him to 24 months' postrelease supervision under K.S.A. 2016 Supp. 22-3717(d)(1)(B) and (d)(1)(D) rather than lifetime postrelease supervision under K.S.A. 2016 Supp. 22-3717(d)(1)(G). In response, the State contends that Haresnape did not raise this specific argument below, so he did not preserve it for appeal. Generally, this court will not entertain an argument raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). The legality of a sentence is an exception to this rule because a court may correct an illegal sentence at any time.

2

K.S.A. 2017 Supp. 22-3504(1); *State v. Fisher*, 304 Kan. 242, 264, 373 P.3d 781 (2016). Thus, we will address Haresnape's argument.

Whether a sentence is illegal within the meaning of K.S.A. 2017 Supp. 22-3504 is a question of law over which appellate courts have unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). An illegal sentence includes a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

Commercial sexual exploitation of a child is a sexually violent crime as defined by K.S.A. 2016 Supp. 22-3717(d)(5). Under K.S.A. 2016 Supp. 22-3717(d)(1)(G), a person convicted of a sexually violent crime committed after July 1, 2006, must be sentenced to lifetime postrelease supervision. Both of Haresnape's crimes were committed in 2014. The district court found that K.S.A. 2016 Supp. 22-3717(d)(1)(G) applied and sentenced Haresnape to lifetime postrelease supervision.

Confusion exists because a similar statute, K.S.A. 2016 Supp. 22-3717(d)(1)(D), provides that a person convicted of a sexually violent crime shall serve a fixed 12-, 24-, or 36-month postrelease supervision term based on the severity level of the crime. This provision applies to persons sentenced for crimes "committed on or after July 1, 1993." K.S.A. 2016 Supp. 22-3717(d)(1).

Haresnape argues that K.S.A. 2016 Supp. 22-3717(d)(1)(D) and (d)(1)(G) both apply to persons convicted of sexually violent crimes, so the statute is ambiguous. He contends the rule of lenity required the district court to impose the lesser of the two possible sentences. Since Haresnape was convicted of a nondrug level 5 crime, he believes he should have received the lesser term of 24 months' postrelease supervision. K.S.A. 2016 Supp. 22-3717(d)(1)(B) and (d)(1)(D).

Resolution of Haresnape's claim requires this court to interpret K.S.A. 2016 Supp. 22-3717(d)(1). On matters of statutory interpretation, we have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). We must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016). When construing statutes to determine legislative intent, we must consider various provisions of an act in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. *State v. Keel*, 302 Kan. 560, Syl. ¶ 7, 357 P.3d 251 (2015). The rule of lenity arises only when there is any reasonable doubt of the statute's meaning. *State v. Williams*, 303 Kan. 750, 760, 368 P.3d 1065 (2016).

Haresnape's argument mirrors that of the defendant in *State v. Herrmann*, 53 Kan. App. 2d 147, 384 P.3d 1019 (2016), *rev. denied* 306 Kan. 1324 (2017). There, Herrmann argued the 2013 legislative amendments to K.S.A. 22-3717(d)(1)(D) rendered all of subsection (d)(1) ambiguous, and as a result, district courts had discretion in imposing the term of postrelease supervision. Our court rejected Herrmann's argument, finding:

> "[T]he plain language of the statute clearly decides the issue presented. Subsection (d)(1) explains that persons sentenced for crimes committed after July 1, 1993, will not be eligible for parole; instead, they will be subject to mandatory postrelease supervision as provided in the subparagraphs that follow. Notably, however, this subsection (d)(1) expressly states that the mandatory postrelease supervision provided in the subparagraphs that follow *do not apply* to 'persons subject to subparagraph (G).' . . .
>
> ". . . Reading subparagraph (D) in pari materia, it falls under subsection (d)(1) and so applies to all persons but those expressly excluded:  persons sentenced for off-grid crimes committed on or after July 1, 1993, and persons committing a sexually violent crime on or after July 1, 2006, as stated in subparagraph (G). Therefore, subparagraph (D) only applies to persons convicted of a sexually violent crime after July 1, 1993, but before July 1, 2006. Thus, there are no persons convicted of a sexually violent crime to

4

whom both subparagraph (D) and subparagraph (G) apply. Construing the statute as a whole and giving effect to all of the statutes, as this court must, there is no conflict or ambiguity in amended subsection (d)(1)." 53 Kan. App. 2d at 152-53.

Our reliance on *Herrmann* is buttressed by the fact that our Supreme Court declined to review the decision. Additionally we note that numerous other panels of this court have agreed with *Herrmann*'s analysis. See, e.g., *State v. Kirk*, No. 116,609, 2017 WL 5016019, at *2-4 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* December 4, 2017; *State v. Stagner*, No. 116,869, 2017 WL 4848359, at *2 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. ___ (April 26, 2018); *State v. Cook*, No. 116,592, 2017 WL 4558496, at *2 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. ___ (April 26, 2018); *State v. Munoz*, No. 115,590, 2017 WL 4081374, at *12-13 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. ___ (April 27, 2018); *State v. Brewer*, No. 116,331, 2017 WL 3947342, at *4 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. ___ (April 26, 2018).

Additionally, Haresnape argues that the holding in *Herrmann* conflicts with *State v. Cameron*, 294 Kan. 884, 281 P.3d 143 (2012). In *Cameron*, a case decided before the 2013 legislative amendments, Cameron argued that under the rule of lenity the district court should have sentenced him to 24 months' postrelease supervision under K.S.A. 22-3717(d)(1)(B) rather than lifetime postrelease supervision under subsection (d)(1)(G). The Kansas Supreme Court ultimately held that only subsection (d)(1)(G) applied to Cameron. In reaching this conclusion, the court noted the rule of lenity only applies if there is reasonable doubt as to a statute's meaning. 294 Kan. at 899. Looking at K.S.A. 22-3717(d)(1) in pari materia, the court concluded there was no reasonable doubt that the Legislature intended the more specific provision of subsection (d)(1)(G) to apply to those convicted of sexually violent crimes rather than the more general provision of subsection (d)(1)(B). 294 Kan. at 900.

According to Haresnape, *Cameron* implicitly found that K.S.A. 22-3717(d)(1) was ambiguous because it used a "rule of lenity analysis." He reasons that *Herrmann* improperly used a plain language analysis to resolve this issue because the statute is ambiguous. But Haresnape's contention is incorrect. Contrary to his arguments, the *Cameron* court did not make an implicit finding of ambiguity nor did it use a rule of lenity analysis. Instead, the Supreme Court declined to use the rule of lenity because there was no reasonable doubt regarding which subsection applied. 294 Kan. at 899-900. Additionally, while *Cameron*'s method of analysis may be instructive, it "cannot speak to the meaning and purpose of the 2013 amendment to K.S.A. 22-3717(d)(1)(D) given that it had not been enacted when *Cameron* was decided in 2012." *State v. Wol*, No. 115,633, 2017 WL 3000839, at *9 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. ___ (April 27, 2018); see also *State v. Wilson*, No. 116,381, 2017 WL 2212171, at *3 (Kan. App. 2017) (unpublished opinion) (rejecting same argument), *rev. denied* 306 Kan. 1331 (2017).

Next, Haresnape contends that *Herrmann*'s interpretation of K.S.A. 2015 Supp. 22-3717(d)(1) does not account for other amendments throughout the sentencing scheme. He specifically points to K.S.A. 2016 Supp. 21-6821. Before 2013, K.S.A. 21-6821 provided that any good time and program credit any offender earned would be added to the offender's postrelease supervision term. K.S.A. 2012 Supp. 21-6821(c) and (e)(2). In 2013, the Legislature amended K.S.A. 21-6821(c) and (e)(2) so that only offenders convicted of sexually violent crimes and certain other crimes involving sex must serve any good time and program credits earned while incarcerated as part of their postrelease supervision. L. 2013, ch. 76, sec. 4. Haresnape claims that *Herrmann* renders these amendments void because it is impossible to add to a life term.

While the *Herrmann* court did not expressly address the amendments to K.S.A. 21-6821, it did discuss changes in K.S.A. 2015 Supp. 22-3717(d)(1)(A)-(D), which reflected the changes to K.S.A. 21-6821(c) and (e). Before 2013, K.S.A. 22-

6

3717(d)(1)(A)-(C) provided certain terms of postrelease supervision plus any good time or program credit earned. The 2013 amendments removed the language regarding good time and program credits from subsections (A)-(C). According to the *Herrmann* court, the Legislature amended subsection (d)(1)(D) "to provide an exception for persons convicted of sexually violent crimes so that earned good-time and program credits continued to be added to their postrelease supervision period. L. 2013, ch. 133, sec. 13." 53 Kan. App. 2d at 154. Subsection (d)(1)(D) thus clarified that the rule stated in K.S.A. 2016 Supp. 21-6821(c) and (e) regarding good time and program credits applied to those convicted of sexually violent offenses committed on or after July 1, 1993, but before July 1, 2006. See 53 Kan. App. 2d at 154. Thus, the *Herrmann* court's reading of the statute does not render K.S.A. 2016 Supp. 21-6821(c) and (e) void. See *State v. Knopp*, No. 116,365, 2017 WL 3822799, at *5 (Kan. App. 2017) (unpublished opinion), *rev. denied* 307 Kan. ___ (April 26, 2018).

We take further note that the Legislature has expressed approval of the *Herrmann* decision by amending the language of K.S.A. 2016 Supp. 22-3717(d)(1)(D) to reflect *Herrmann*'s interpretation of the statute. This subsection now reads: "Persons sentenced to a term of imprisonment that includes a sentence for a sexually violent crime . . . committed *on or after July 1, 1993, but prior to July 1, 2006*, . . . shall serve the period of postrelease supervision as provided in subsections (d)(1)(A), (d)(1)(B) or (d)(1)(C) . . . ." (Emphasis added.) K.S.A. 2017 Supp. 22-3717(d)(1)(D). The amendment, which became effective May 18, 2017, clarifies that subsection (d)(1)(D) only applies to crimes committed on or after July 1, 1993, but before July 1, 2006.

We find the reasoning of *Herrmann* to be persuasive. Haresnape was convicted of two sexually violent offenses committed after July 1, 2006, and K.S.A. 2016 Supp. 22-3717(d)(1)(G) required the district court to sentence him to lifetime postrelease supervision. Thus, his sentence is legal.

Affirmed.