(15 P.3d 850)
No. 84,985

In the Matter of T.A.L.

Opinion filed December 22, 2000.

*Jerome R. Jones*, of·Wichita, for the appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, for the appellee.

Before ELLIOTT, J., BUCHELE, S.J., and JOHN W. WHITE, District Judge, assigned.

BUCHELE, J.: This case is a juvenile offender adjudication under the Kansas Juvenile Justice Code (K.S.A. 38-1601 *et seq.*). T.A.L. appeals the sentence imposed by the court. He argues that K.S.A. 1999 Supp. 38-16,132(d)(2) violates his rights to due process and

equal protection by prohibiting a sentencing court in a juvenile case from reducing the minimum term of confinement as defined within the sentencing matrix of the juvenile justice code. We disagree and affirm.

T.A.L. was adjudged a juvenile offender based on charges of aggravated robbery and possession of marijuana. After T.A.L. was denied admission to two youth residential facilities, the court ordered him to serve 24 months in a juvenile correctional facility. T.A.L. made an oral motion to depart from the minimum term of confinement required by the matrix set forth in K.S.A. 1999 Supp. 38-16,129. The motion, however, was denied based on K.S.A. 1999 Supp. 38-16,132(d)(2), which prohibits downward departures.

T.A.L. challenges the constitutionality of K.S.A. 1999 Supp. 38-16,132(d)(2). He points out that the statute prohibits the sentencing court from reducing the minimum term of confinement, but the State and sentencing court may move for an upward departure under K.S.A. 1999 Supp. 38-16,132(a) and (b). T.A.L. contends that the prohibition against downward departures violates due process because it is fundamentally unfair in that the statute deprives him of the right to offer evidence in mitigation of punishment. He also contends the statute violates equal protection by extending rights to the sentencing court and the State which are not extended to him.

T.A.L. appeals from a presumptive sentence given under the juvenile offender case. Under K.S.A. 1999 Supp. 38-1681(c)(2)(A), any sentence within the statutory presumptive sentence for the crime is not reviewable. Charges brought under the juvenile justice code are not criminal charges. *Pauley v. Gross*, 1 Kan. App. 2d 736, Syl. ¶ 3, 574 P.2d 234 (1977), *rev. denied* 225 Kan. 845 (1978).

We review the merits of T.A.L.'s appeal to consider whether K.S.A. 1999 Supp. 38-16,132(d)(2) is unconstitutional. Our standard of review on issues of constitutionality of a statute is as follows:

The constitutionality of a statute is presumed, all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the constitution. In determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it and if there is

any reasonable way to construe the statute as constitutionally valid, that should be done. Statutes are not stricken down unless the infringement of the superior law is clear beyond substantial doubt. *State ex rel. Tomasic v. Unified Gov. of Wyandotte Co./Kansas City*, 264 Kan. 293, 300, 955 P.2d 1136 (1998).

T.A.L. first contends that K.S.A. 1999 Supp. 38-16,132(d)(2) violates his constitutional rights to due process. "The standard for determining what due process requires in a particular juvenile proceeding is 'fundamental fairness.' " *In re C.A.D.*, 11 Kan. App. 2d 13, 19, 711 P.2d 1336 (1985). The due process afforded to a juvenile offender in a post-adjudicative setting has been defined as necessarily including "the right to a hearing with counsel, confrontation of witnesses, and the right to examine evidence and present evidence in the offender's own behalf." 11 Kan. App. 2d at 21. T.A.L. contends that K.S.A. 1999 Supp. 38-16,132(d)(2) violates his rights to due process because the statute denies him the right to offer evidence in mitigation of punishment by imposing a mandatory minimum sentence.

We find that K.S.A. 1999 Supp. 38-16,132(d)(2) does not violate T.A.L.'s rights to due process. First, the statute does not preclude a juvenile offender from offering evidence in mitigation of punishment. Because the State or sentencing court can move for an upward departure, the juvenile may present evidence showing why an upward departure would be unwarranted. As a result, K.S.A. 1999 Supp. 38-16,132(d)(2) did not prevent T.A.L. from presenting evidence of mitigation of punishment in violation of his due process rights.

The Kansas Supreme Court has held that mandatory minimum criminal sentences for Article 34 crimes in which a firearm is used by a defendant are not per se unconstitutional. See *State v. Dickenson*, 229 Kan. 152, 621 P.2d 1002 (1981); *State v. Freeman*, 223 Kan. 362, 368, 574 P.2d 950 (1978). Although T.A.L.'s case does not involve a criminal sentence, we conclude that commitment to a juvenile correctional facility for a mandatory minimum term is similar to a mandatory minimum criminal sentence and does not violate a juvenile offender's right to due process.

T.A.L. further contends that K.S.A. 1999 Supp. 38-16,132(d)(2) violates his equal protection rights by extending rights to the sentencing court and to the State which are not extended to him. T.A.L. contends that because the sentencing court and the State may move for an upward departure, he must be allowed to petition the court for a downward departure.

There is a rational basis for the legislature's refusal to allow juveniles to petition for downward departure. A goal of the juvenile justice code is to rehabilitate juvenile offenders. K.S.A. 1999 Supp. 38-1601. The Kansas Legislature has determined that this rehabilitation goal may best be served by commitment of a juvenile offender to a minimum term in the juvenile correctional facility, based on the offense or offenses committed. See K.S.A. 1999 Supp. 38-16,129. Conversely, if the State or sentencing court believes that rehabilitation can be achieved by extending the minimum term of commitment to a juvenile correctional facility, then an upward departure could be sought. The legislature's provision of an upward departure without the allowance of a downward departure is rationally related to rehabilitation. As a result, we find that K.S.A. 1999 Supp. 38-16,132(d)(2) does not violate T.A.L.'s equal protection rights.

T.A.L. contends that a sentencing court cannot reduce the minimum term of commitment to a juvenile correctional facility. This claim is completely inaccurate. Although K.S.A. 1999 Supp. 38-16,132(d)(2) prevents a downward departure from a sentence established by the sentencing matrix, a sentence may be modified under K.S.A. 1999 Supp. 38-1665(c). The statute provides in pertinent part: "Any time within 60 days after a court has committed a juvenile offender to a juvenile correctional facility the court may modify the sentence and enter any other sentence."

Under this statute, a juvenile's term of commitment to a juvenile correctional facility may be modified within 60 days after commitment to the facility. For example, within 60 days of commitment, the sentencing court could reduce the term of commitment to a juvenile correctional facility below that provided in the sentencing matrix or impose any sentence provided in K.S.A. 1999 Supp. 38-1663. As a result, even though the Kansas Juvenile Justice Code

prevents downward departures for commitments to a juvenile correctional facility, a sentencing court nevertheless has discretion to modify a term of commitment under some circumstances.

Affirmed.