NOT DESIGNATED FOR PUBLICATION

No. 118,604

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

IN THE MATTER OF C.M.W.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; GREGORY D. KEITH, judge. Opinion filed June 8, 2018. Affirmed.

*Jordan E. Kieffer*, of Dugan & Giroux Law, Inc., of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before STANDRIDGE, P.J., GREEN and MCANANY, JJ.

PER CURIAM: The sole issue in this appeal is whether the district court erred in the manner in which it modified the sentence of C.M.W. (the juvenile), who previously had been adjudicated a juvenile offender.

In September 2015, the State charged the juvenile with two counts of aggravated criminal sodomy, two counts of aggravated indecent liberties with a child, and rape. The juvenile was age 15 at the time, and the victims were his two siblings, both under the age of 14.

In February 2016, in accordance with a plea agreement he made with the State, the juvenile pled guilty to one count of aggravated criminal sodomy in exchange for the State dismissing the remaining charges. The district court accepted the juvenile's plea and placed him in the custody of the juvenile section of the Kansas Department of

1

Corrections (KDOC) with a recommendation of out-of-home placement. The court also ordered that the juvenile successfully complete a sex offender treatment program.

In February 2017, the district court imposed a sanction of 28 days in a juvenile residential facility after the juvenile admitted to his third violation of the terms of his placement. The juvenile's original sentenced remained unmodified.

In June 2017, the State alleged that the juvenile had escaped from his residential facility. The State moved to modify the juvenile's sentence and recommended a direct commitment.

In August 2017, the court held a hearing on the State's motion. The district judge spoke directly to juvenile, informed him of his rights, and also informed him:

> "If you choose to waive your right and admit the allegations, there will be no hearing. Based upon your admission, I will be in a position I can modify your sentence. I can then modify probation. I could sanction you and reinstate it. I could just reinstate your placement. I could direct you maybe to a juvenile correction facility. I also have the authority to dispose of your case."

The juvenile waived his right to an evidentiary hearing and admitted the State's allegation. The district court found that the juvenile knowingly, intelligently, and voluntarily waived his right to an evidentiary hearing on the claim that he escaped from his residential placement. The district court found that the State's allegation was true and that the juvenile was in violation of his placement.

The district court then requested recommendations from both parties about what new sentence should be imposed. The State recommended that the juvenile be directly admitted to the juvenile correctional facility until the age 22 1/2 with six months of aftercare treatment because the juvenile's current sentence was not in his best interest.

The juvenile's counsel argued that his client had difficulties getting consistent access to sex offender treatment and that his client's best interest would be served by facilitating his participation in a sex offender treatment program, not by sending him to a juvenile correctional facility. The court invited the juvenile to speak, but he declined to do so. The court then heard from the juvenile's mother who described the difficulties her son had in getting sex offender treatment on a consistent basis. The State countered that the juvenile's failure to attend sex offender treatment was often deliberate, and he had been discharged from one such program for failure to attend.

The court then set aside the juvenile's current sentence, finding that the juvenile's original sentence was not in his best interest. The court ordered him to the juvenile correctional facility for 60 months, with aftercare until age 23. The juvenile's counsel then complained that he did not have a chance to address the issue about what his client's new sentence should be "and even put on evidence if we needed to," though he had just addressed the court on that very issue.

The juvenile appeals. His sole issue on appeal is whether the district court erred in denying him the opportunity to present evidence on the issue of his new sentence.

The standard for determining what due process requires in a particular juvenile proceeding is fundamental fairness. *In re C.A.D.*, 11 Kan. App. 2d 13, 19, 711 P.2d 1336 (1985). A juvenile offender has the right to a hearing in post-adjudication proceedings regarding the appropriate disposition. This includes the right to counsel, to confront witnesses, to examine evidence, and to present evidence on the juvenile's behalf. *In re T.A.L.*, 28 Kan. App. 2d 396, 398, 15 P.3d 850 (2000).

Here, the juvenile waived his right to a hearing on the substance of the State's allegation and admitted the allegation was true. But this waver does not extend to the right to a hearing on the disposition that followed. The juvenile apparently contends that

there needed to be a separate and distinct hearing on whether there should be a new disposition imposed and, if so, what the court's new disposition should be.

The juvenile concedes that the district court had the discretion to modify his sentence and that one of the court's available sentencing options was direct commitment into the custody of KDOC for placement in a juvenile corrections facility or youth residential facility. See K.S.A. 2017 Supp. 38-2361(a)(10). The sole statutory authority for his argument that he is entitled to a separate hearing on the issue of his modified sentence is K.S.A. 2017 Supp. 38-2360(e), which states: "At any time prior to sentencing, the judge, at the request of a party, shall hear additional evidence as to proposals for reasonable and appropriate sentencing of the case."

Interpreting a statute is an issue of law over which we have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). In doing so, we try to determine the Legislature's intent in enacting the statute if that intent can be ascertained. See *State v. Jordan,* 303 Kan. 1017, 1019, 370 P.3d 417 (2016). This process begins with trying to determine legislative intent by considering the language of the statute in question, giving common words their ordinary meanings. When the statute is plain and unambiguous, we do not speculate about the legislative intent behind that clear language and we refrain from reading something into the statute that is not readily found in its words. We resort to the rules of statutory construction to determine legislative intent only if there is some ambiguity in the words the Legislature used in the statute. See *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

The clear and unambiguous language of K.S.A. 2017 Supp. 38-2360(e) expresses the legislative intent that *before sentencing* (and we take this to include a sentence modification such as here) a party *can request*, and the court then shall consider, additional evidence on what sentence should be imposed. Here, the juvenile's counsel did

4

not raise the issue of presenting additional evidence on the sentencing issue until *after* he had heard the modified sentence the court imposed.

After finding the State's allegation to be true, the court took up the sentence modification issue. The court requested from the parties their sentencing recommendations, and the juvenile's counsel made arguments and recommendations on that issue. The court also heard from the juvenile's mother and repeatedly but unsuccessfully invited the juvenile to address the issue. At no time did the juvenile or his counsel proffer any other evidence or testimony in support of their statements and arguments, nor did they express the desire to submit additional evidence or testimony. It was only after the court ruled on the matter contrary to the juvenile's position that the juvenile's counsel complained that "I think we should have at least had the chance to argue as to what should occur and even put on evidence if we needed to."

We do not think that in enacting K.S.A. 2017 Supp. 38-2360(e) the Legislature contemplated that a party could wait until it was determined whether the court's ruling was favorable or unfavorable before asserting the right to put on additional evidence in an effort to change the court's ruling.

We find no error by the district court in the manner in which it modified the juvenile's sentence.

Affirmed.

5